BLUE BELL BOOTS, INC., formerly
J. W. Carter Company, Petitioner-
Appellant,

v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Respondent-Appellee.

No. 18924.

United States Court of Appeals
Sixth Circuit.

Oct. 28, 1969.

Whiteford S. Blakeney, Charlotte, N. C., for appellant, F. A. Berry, Jr., Nashville, Tenn., Brown, Hill, Boswell, Blakeney, Alexander & Machen, Charlotte, N. C., of counsel.

David Cashdan, Washington, D. C., for appellee, Daniel Steiner, Gen. Counsel, Russell Specter, Asst. Gen. Counsel, on brief.

Before WEICK, O'SULLIVAN and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from the dismissal of a petition to set aside a demand for access to evidence made by respondent-appellee Equal Employment Opportunity Commission (EEOC).[1] The petition was filed pursuant to section 710(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–9(c), and alleged a failure by the Commission to comply with the provisions of the Act in three respects: (1) no sworn charge was filed with the EEOC within 90 days of the alleged acts of discrimination; (2) the EEOC did not notify the "person aggrieved" within sixty days of failure to obtain voluntary compliance with the Act; and (3) the evidence demanded by the EEOC is not relevant to the charge.

### I. The Filing of the Charge

Between October 7 and October 21, 1966, petitioner (then called the J. W. Carter Company) discharged seven Negro employees. On November 8, 1966,

the EEOC received from the Tennessee Commission on Human Relations a letter containing seven charges set forth on EEOC forms and signed by the seven employees who had been discharged. Each charge related a detailed (and identical) account of the employees' experiences at the company, and each complainant alleged that she had been discharged for reasons of race or color. However, the forms on which the charges were filed did not provide a place for an oath or affidavit, and the charges were unsworn.

Almost six months later, on March 30, 1967, the EEOC served petitioner with seven charges. These charges were dated March 29, 1967, and contained allegations by the seven former employees that they had been discharged because of race or color.[2] The charges were signed and verified by the discharged employees. However, the detailed recital of events which had appeared in the November 8, 1966 charges was not included. The charges merely declared:

The J. W. Carter Shoe Company discriminates against Negroes by:

Restricting Employment opportunities for Minorities

Maintaining a discriminatory promotion program.

Restricting Training Opportunities for minorities.

Petitioner contends that because the November 8 documents did not contain *sworn* statements by the former employees, they were not "charges" within the meaning of the Act. Accordingly, petitioner contends, no "charges" were filed within 90 days of the alleged discriminatory practices as required by section 706(d) of the Act, 42 U.S.C. § 2000e–5(d).

Sections 706(a) and 706(d) of Title VII of the Civil Rights Act of 1964, 42

1. Although the District Court denied petitioner's request, it also modified the Commission's demand in one respect by limiting the time period for which petitioner must provide data to the three

month period during which the alleged discrimination occurred. The Commission does not challenge this modification.

2. These charges were prepared by EEOC employees.

U.S.C. §§ 2000e–5(a) and 2000e–5(d), provide in part:

(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved * * * that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * with a copy of such charge and shall make an investigation of such charge. * * * If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *

(d) A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred. * * *

■ Although a literal reading of section 706(a) would seem to require that a charge be verified at the time of filing with the Commission, a reading of the entire statute makes it clear that the Congressional intent in requiring an oath is to prevent the harassment of respondents by reckless charges. However, this purpose can be served by requiring verification before action is taken by the Commission, and this was done in the instant proceeding. Such a construction recognizes the remedial nature of the statute and does not prejudice an unwary victim of discrimination by insistence upon a formal requirement which can be supplied before the respondent is brought into the picture. Accordingly, courts have consistently held that a charge filed within ninety days of an alleged unfair practice need not be accompanied by the oath of the complainant. Sworn verification may occur later. Choate v. Caterpillar Tractor Co., 402

F.2d 357 (7 Cir. 1968), rev'g 274 F.Supp. 776 (S.D.Ill.1967) ; Georgia Power Co. v. EEOC, 295 F.Supp. 950 (N.D.Ga.1968) ; Weeks v. Southern Bell Tel. & Tel. Co., 277 F.Supp. 117 (S.D.Ga.1967) ; LeBlanc v. Southern Bell Tel. & Tel. Co., No. 67–573, (E.D.La.1967) ; Roig v. Southern Bell Tel. & Tel. Co., No. 67–574, (E.D.La. 1967) ; Wheeler v. Bohn Aluminum Co., 58 Lab.Cas. ¶ 9137, 68 L.R.R.M. 2762 (W.D.Mich. June 12, 1968) ; Kendrick v. American Bakery Co., 58 Lab.Cas. ¶ 9146, 69 L.R.R.M. 2012 (N.D.Ga.1968) ; Russell v. Alpha Portland Cement Co., F.Supp., 58 Lab.Cas. ¶ 9151, 69 L.R.R.M. 2256 (N.D.Ala.1968). See also 29 C.F.R. § 1601.11(b).

■ Petitioner also attempts to invoke the ninety day requirement of section 706(d) by suggesting that the variances between the November 8 charges and the March 29 charges converted the latter into a new, and different, set of charges, which would be untimely. Again, we find petitioner's reasoning unpersuasive. The March 29 charges reflect the essence of the earlier charges and merely represent an exercise of the Commission's authority to reframe charges and to use available materials and information to articulate lay complainants' charges. Union Bank v. EEOC, 408 F.2d 867, n. 6, (9 Cir. 1968) ; Wheeler v. Bohn Aluminum Co., 58 Lab.Cas. ¶ 9137, at 6535 (W.D.Mich.1968).

■ Finally, petitioner contends that the Commission did not provide it with copies of the charges as required by section 706(a), 42 U.S.C. § 2000e–5(a). Since the only charges "under oath" were those prepared on March 29, 1967, it is clear the Commission did comply with this requirement when it served those charges on petitioner on March 30, 1967.[3] The Commission was not required to serve the unsworn charges of November 8, 1966 on petitioner.

3. The fact that the copies furnished to petitioner had the word "amended" written at the top, while the copies attached to the affidavit of the attorney for the Commission did not, is of no significance.

## II. Notification to the "Person Aggrieved"

Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), provides:

> If within thirty days after a charge is filed with the Commission * * *, the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, * *.

In the present case, the Commission did not notify the complainants of a failure to obtain voluntary compliance. Petitioner contends that this failure to notify the complainants should bar subsequent civil actions by the complainants and therefore should also bar the Commission's demand for access to evidence.

■ The simple answer to this contention is that we are not concerned here with a civil action by the complainants. Moreover, section 706(e) imposes no limitations on the Commission's investigative authority.

## III. Relevance of the Evidence to which Access is Demanded

The Commission is entitled to access to information "relevant to the charge under investigation", § 709(a), 42 U.S.C. § 2000e–8(a), and to the production of information "relevant or material to the charge under investigation." § 710(a), 42 U.S.C. § 2000e–9(a). Petitioner contends that the evidence sought by the Commission is not relevant to the charges under investigation because "[i]t extends to records concerning every employee in every category of employment." [4]

■ We consider an employer's "pattern of action" relevant to the Commission's determination of whether there is reasonable cause to believe that the employer has practiced racial discrimination. Parham v. Southwestern Bell Tel. Co., LR–68–C–81 (E.D.Ark., Oct. 9, 1968), reprinted in respondent-appellee's Appendix D. Discrimination on the basis of race is by definition class discrimination, Jenkins v. United Gas Corp., 400 F.2d 28 (5 Cir. 1968); Hill v. Werthan Bag Corp., 251 F.Supp. 184, 186 (M.D.Tenn.1966), and the existence of patterns of racial discrimination in job classifications or hiring situations other than those of the complainants may well justify an inference that the practices complained of here were motivated by racial factors.

■ Moreover, evidence concerning employment practices other than those specifically charged by complainants may properly be considered by the Commission in framing a remedy. Title VII of the Civil Rights Act of 1964 should not be construed narrowly, and the Commission may, in the public interest, provide relief which goes beyond the limited interests of the charging parties. Jenkins v. United Gas Corp., 400 F.2d 28 (5 Cir. 1968); King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga.1968).

The judgment of the District Court is affirmed.

---

4. Petitioner apparently does not contest the relevance of evidence pertaining to the positions held by the seven complainants.