Harold **PETERSON**, Plaintiff–Appellant,

v.

**CITY OF WICHITA, KANSAS,**
**Defendant–Appellee.**

No. 89–3088.

United States Court of Appeals,
Tenth Circuit.

Nov. 6, 1989.

Rehearing Denied
Dec. 27, 1989.

**1308**

Jim Lawing, Wichita, Kan., for plaintiff-appellant.

Gary E. Rebenstorf, Asst. City Atty., Thomas R. Powell, and Ed L. Randels of the Office of the City Atty., Wichita, Kan., for defendant-appellee.

Charles A. Shanor, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Lamont N. White, and Vincent Blackwood of the E.E.O.C., Washington, D.C. as amicus curiae.

Before McKAY, SEYMOUR and TACHA, Circuit Judges.

SEYMOUR, Circuit Judge.

Harold Peterson brought this action under 42 U.S.C. §§ 2000e *et seq.* (1982) (Title VII), alleging that the City of Wichita, Kansas, had illegally discharged him on the basis of race. The district court dismissed the suit, concluding that Peterson had failed to file a timely charge with the EEOC as required by section 2000e–5 because the only filing within the applicable time period was unverified. *See Peterson v. City of Wichita*, 706 F.Supp. 766 (D.Kan. 1989). Peterson appeals and we reverse.

The tangled history of Peterson's attempts to file a discrimination charge with the appropriate authority is fully set out in the district court opinion, *id.*, and we need not repeat it here. We base our decision on the following dispositive facts. The City informed Peterson on June 8, 1983, that his employment as Director of the City's Department of Human Resources was terminated effective immediately. The EEOC received Peterson's unverified complaint alleging discriminatory discharge on March 28, 1984, and assigned it a charge number. On June 3, at the EEOC's re-

quest, Peterson sent in a completed questionnaire executed under penalty of perjury, from which the EEOC prepared a formal charge. Peterson executed this formal perfected charge on July 30, 1984.

In a deferral state such as Kansas, a Title VII claimant must file his discrimination charge with the appropriate state or local agency, or with the EEOC, within 300 days of the alleged unlawful act. *See* 42 U.S.C. § 2000e–5(e); *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Here the only document the EEOC received less than 300 days after the alleged discriminatory act was Peterson's unverified charge of March 28, 1984. Title VII provides that "[c]harges shall be in writing *under oath or affirmation* and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b) (emphasis added). While it is undisputed that the March 28 filing otherwise satisfied these requirements, it was not made under oath or affirmation.

The EEOC has issued regulations implementing Title VII, one of which provides:

A charge may be amended to cure technical defects or omissions, *including failure to verify the charge,* or to clarify and amplify allegations made therein. *Such amendments* and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge *will relate back to the date the charge was first received.*

29 C.F.R. § 1601.12(b) (1988) (emphasis added). Under this regulation, Peterson's later verified charge would relate back to amend the deficiency in his timely filing. The district court refused to apply the regulation, however, concluding that it was contrary to the statute and thus beyond the EEOC's power to promulgate. We disagree.

Every circuit which has considered the issue has decided in favor of the validity of the regulation, concluding that an unverified charge is a timely filing if it is subsequently amended by a charge executed un-

der oath or affirmation. *See Casavantes v. California State Univ.*, 732 F.2d 1441, 1443 (9th Cir.1984); *EEOC v. Sears, Roebuck & Co.*, 650 F.2d 14, 18 (2d Cir.1981); *Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355, 357 (6th Cir.1969); *Weeks v. Southern Bell Tel. & Tel. Co.*, 408 F.2d 228, 230–31 (5th Cir.1969); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357, 359–60 (7th Cir.1968); *see also Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 77–78 & n. 3 (5th Cir.1982) (approving regulation and noting it supports nonjurisdictional nature of verification element). Underlying these decisions is the principle that Title VII is remedial legislation to be construed liberally rather than technically. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982); *Casavantes*, 732 F.2d at 1442–43; *Blue Bell Boots*, 418 F.2d at 357; *Choate*, 402 F.2d at 360. Equally pertinent is the Supreme Court's recent admonition that the EEOC's interpretation of Title VII is entitled to deference if it is reasonable. *See Commercial Office Prod.*, 108 S.Ct. at 1671. Finally, and most importantly, the district court's conclusion that a claimant's failure to file a timely verified charge bars his suit appears to directly conflict with the Supreme Court's ruling in *Zipes*, 455 U.S. at 393–95, 102 S.Ct. at 1132–33, that the timeliness of the filing is not jurisdictional.

The district court based its rejection of the regulation on the need to protect employers from frivolous claims, and on the language in *EEOC v. Shell Oil Co.*, 466 U.S. 54, 65, 104 S.Ct. 1621, 1629, 80 L.Ed.2d 41 (1982), which states that the section 2000e–5(b) elements are a jurisdictional prerequisite to judicial enforcement of an EEOC summons. In its amicus brief to this court, the EEOC responds that the ruling in *Shell Oil* does not conflict with the regulation at issue because under that regulation the elements of section 2000e–

5(b) are satisfied through the relating-back of the amending verified charge. In addition, although satisfying section 2000e–5(b) is a jurisdictional prerequisite to enforcing an EEOC summons, filing a *timely* EEOC charge is indisputably *not* a jurisdictional prerequisite to suit under *Zipes*. The EEOC also points out that requiring such amendment prior to enforcing an EEOC summons eliminates any prejudice to the employer from the claimant's previous failure to verify the charge. Contrary to the district court's belief, the regulation does not frustrate the purpose of the verification requirement, which is to protect an employer from frivolous claims, because the EEOC does not proceed to investigate a charge until it is verified.[1]

Accordingly, we uphold application of the relating-back provision of the regulation at issue when, as here, the defendant has alleged no prejudice arising from its operation. *See Price*, 687 F.2d at 79; *Sears Roebuck*, 650 F.2d at 18; *Weeks*, 408 F.2d at 231; *Choate*, 402 F.2d at 360. We reverse and remand for further proceedings.

---

1. In reaching its decision, the district court relied on *Proffit v. Keycom Electronic Pub.*, 625 F.Supp. 400 (N.D.Ill.1985). We do not find that case persuasive. It appears to be contrary to the Seventh Circuit's holding in *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir.1968), and its attempts to distinguish *Choate* lack force in view of the Supreme Court's discussion of the

timeliness issue in *Zipes v. Trans World Airlines*, 455 U.S. 385, 393–95, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982). We are likewise not persuaded by the district court's reliance on *EEOC v. Appalachian Power Co.*, 568 F.2d 354 (4th Cir.1978). In that case, contrary to the situation before us, the claimant never corrected his unverified charge by a subsequent verification.