**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**DILLARD DEPARTMENT STORES, INC., Defendant.**

No. 87–2888–TUB.

United States District Court, W.D. Tennessee, W.D.

Feb. 19, 1991.

Terry Beck, E.E.O.C., Memphis, Tenn., for plaintiff.

Frederick J. Lewis, Thomas L. Henderson, McKnight, Hudson, Lewis, Henderson & Clark, Memphis, Tenn., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

TURNER, District Judge.

This action was instituted by the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964 as amended based on allegations of racial and religious discrimination against Dillard Department Stores, Inc. ("Dillard"), filed by Donald Cowley with the EEOC. Presently before the court is defendant's Motion for Summary Judgment on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. The facts in this case are brief. On June 15, 1984, Donald Cowley's employment in Dillard's Men's Department at the Whitehaven store came to an end. Mr. Cowley alleges that he was terminated because of his race (Black) and religion.

On March 25, 1985 (day 283), Cowley went to the Memphis District Office of the EEOC where an Intake Questionnaire was completed but not signed or verified. An Intake Investigator interviewed Cowley and completed a Summary of Intake Interview. The Intake Investigator prepared a formal charge form and mailed this to Cowley for his signature on or about April 3, 1985 (day 292). The cover letter stated in part:

> Because *a charge must be filed within the time limitation imposed by law,* I urge you to complete these three steps [review the charge, sign the charge form, and return it in the enclosed postage paid envelope] as soon as possible. When you have completed these three steps, *the Commission will consider your charge to be filed as of the day it is received by this office.*
> However, you should be aware that the Commission will provide a copy of your charge to the Tennessee Human Rights Commission, as required by law. If your charge is handled by that agency initial-

ly, you will be required to swear or affirm your signature before a notary public or an official of the Tennessee Human Rights Commission. (emphasis added).

Cowley signed the charge form and dated it April 11, 1985 (day 300). The Memphis office of the EEOC received the signed form on April 12, 1985 (day 301).

The EEOC sent the formal Charge of Discrimination to the Tennessee Human Rights Commission ("THRC"), an approved state deferral agency under section 706 of Title VII with whom the EEOC had a Worksharing Agreement, on April 16, 1985 (day 305). The THRC acknowledged receipt on April 19, 1985 (day 308).

Defendant's Motion for Summary Judgment contends that the plaintiff's charge was not timely filed. The motion was referred to the United States Magistrate for findings of fact and recommendations.

The plaintiff contends that Cowley's Intake Questionnaire on day 283 constituted a charge. In the alternative, the plaintiff argues for equitable tolling of the filing limitations period of 300 days because the EEOC did not inform Cowley of the proper manner in which to file a discrimination charge. The plaintiff also argues that sections III.D. and III.E.8. of the 1984–85 Worksharing Agreement simultaneously and automatically waived THRC processing of charges and terminated state proceedings for charges filed initially with the EEOC office in Memphis.

The defendant argues that Cowley failed to file his formal charge in such a manner that it was received by the EEOC "within three hundred days after the alleged unlawful employment practice occurred...." 42 U.S.C. § 2000e–5(e). The defendant contends that the EEOC did not receive the formal charge until day 301 after the alleged discriminatory practice and, therefore, the charge is time barred. Furthermore, the defendant alleges that Cowley's charge did not meet Tennessee's statutory requirements for a sufficient complaint as required by 42 U.S.C. § 2000e–5(c) and Tennessee Code Annotated § 4–21–302(a) (1978) (formerly § 4–21–115(a)). Equitable

tolling of the limitations period is not appropriate, the defendant argues, because there is no evidence that the EEOC or anyone else affirmatively misled the plaintiff or made any misrepresentations to him.

The defendant further contends that under the deferral agency provisions of 42 U.S.C. § 2000e–5(c) and (e), the deferral agency must be notified of the charge and terminate its proceedings prior to the lapse of the statutory 300 days. This is so because the EEOC must hold the charge in abeyance until the deferral agency terminates its proceedings. The defendant argues that the deferral agency did not receive notice of the charge until day 305 and did not officially terminate its processing of the charge until at least day 308. The defendant alleges that the deferral agency did not automatically waive its right to initially process the charge upon receipt by the Memphis EEOC office pursuant to section III.D. of the 1984–85 Worksharing Agreement because section III.G. of the agreement allowed the deferral agency ten days to determine if it wished to waive jurisdiction.

The United States Magistrate found that sections III.B., III.D., and III.E. of the 1984–85 Worksharing Agreement, read together, provide for an automatic waiver of jurisdiction by the THRC upon the initial filing of a charge with the Memphis office of the EEOC. The magistrate also found that the Intake Questionnaire and Summary of Intake Interview of Cowley did not constitute a formal charge and that there was no basis for equitable tolling of the time limitation period. The EEOC suit was therefore, he concluded, time barred.

The plaintiff excepted to three findings or conclusions in the magistrate's Report. The matters to which plaintiff excepted are: 1) that there was no indication that Cowley filled out the Intake Questionnaire; 2) that Cowley's Intake Questionnaire did not constitute a charge under Title VII; and 3) that the limitation period for filing should not be equitably tolled. The defendant excepted to one conclusion in the magistrate's Report: that the 1984–85 Worksharing Agreement provided for an automatic waiver of jurisdiction by the THRC upon the initial filing of a charge with the Memphis office of the EEOC such that the charge was considered filed with the EEOC the same day it was received.

The Motion for Summary Judgment presents three issues to the court for de novo review, *Fed.R.Civ.P.* 72(b):

I. Whether the Intake Questionnaire, submitted on March 25, 1985 (day 283), by Donald Cowley at the Memphis office of the EEOC can be held to constitute a formal charge for the purpose of complying with the statutory 300 day filing time limitation.

II. Whether equitable considerations should toll the time limitation period for filing a charge with the EEOC in this case.

III. Whether the 1984–85 Worksharing Agreement between the EEOC and the THRC permits the automatic termination of deferral agency proceedings when a charge is initially submitted to the Memphis office of the EEOC such that a charge can be filed with the EEOC on the same day it is deemed originally submitted to the Memphis office of the EEOC.

Summary judgment may be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). The evidence and all justifiable inferences drawn therefrom "must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (citing *Adickes v. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)).

## ISSUE I

Whether the information contained in the Intake Questionnaire, submitted on March 25, 1985 (day 283) by Donald Cowley at the

Memphis office of the EEOC, can be held to constitute a "charge" for the purpose of complying with the statutory 300 day filing time limitation.

 Under the anti-discriminatory scheme enacted by Congress in Title VII of the Civil Rights Act of 1964, as amended, the filing of a "charge" is utilized to initiate the administrative processes assigned to the EEOC in that Act and to determine whether the claim is timely made. It also circumscribes the aggrieved party's claim. The term "charge" is not defined in the Act itself, nor in the regulations adopted by the EEOC but, given its general meaning in the context of Title VII, it may be defined as an accusation of unlawful discriminatory acts.

In *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988), the Supreme Court summarized the procedures and time limitations for filing discrimination claims under Title VII with the EEOC:

> As a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice. § 706(e), 42 U.S.C. § 2000e–5(e). If a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days. *Ibid.*

> In order to give States and localities an opportunity to combat discrimination free from premature federal intervention, the Act provides that no charge may be filed with the EEOC until 60 days have elapsed from initial filing of the charge with an authorized state or local agency, unless the agency's proceedings "have been earlier terminated." § 706(c), 42 U.S.C. § 2000e–5(c). The EEOC's referral of a charge initially filed with the EEOC to the appropriate state or local agency properly institutes the agency's proceedings within the meaning of the Act, and the EEOC may hold the charge in " 'suspended animation' " during the agency's 60–day period

of exclusive jurisdiction. *Love v. Pullman Co.*, 404 U.S. 522, 525–526 [92 S.Ct. 616, 618, 30 L.Ed.2d 679] (1972). In light of the 60–day deferral period, a complainant must file a charge with the appropriate state or local agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory event in order to ensure that it may be filed within the 300–day limit. See *Mohasco Corp. v. Silver*, 447 U.S. 807, 814, n. 16 [100 S.Ct. 2486, 2491, n. 16, 65 L.Ed.2d 532] (1980). If the complainant does not file within 240 days, the charge still may be timely filed with the EEOC if the state or local agency terminates its proceedings before 300 days. See *ibid.*

*Commercial Office Products Co.*, 486 U.S. at 110–112 [108 S.Ct. at 1668–69].

Under Title VII, "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). Federal regulations require a charge to be in writing, signed, and verified. 29 C.F.R. § 1601.9. The EEOC regulation governing the contents of a charge states, however, that the failure to verify a purported charge is not fatal but can be cured by subsequent action:

> [A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegation made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the original charge will relate back to the date the charge was first received. . . .

29 C.F.R. § 1601.12(b).

The Supreme Court has held that a technical reading of statutes used to interpret procedures under which laymen initiate a statutory process is inappropriate. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d

234 (1982) (citing *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)). Equally important is the Supreme Court's statement that the EEOC's interpretation of Title VII is to be given deference if the interpretation is reasonable. *See Commercial Office Products*, 486 U.S. at 115, 108 S.Ct. at 1671.

The plaintiff cites *Casavantes v. California State University, Sacramento*, 732 F.2d 1441 (9th Cir.1984), and *Price v. Southwestern Bell Telephone Co.*, 687 F.2d 74 (5th Cir.1982), as authority for its contention that the submission of an Intake Questionnaire can be equated with a formal charge. In *Casavantes*, the plaintiff submitted an Intake Questionnaire on day 248 after receiving notice of termination from his job. The Intake Questionnaire was neither signed (the form had no signature block) nor verified. The EEOC sent Casavantes a formal charge document on day 313 which he signed and mailed back on day 316. *Casavantes*, 732 F.2d at 1441–42. The District Court dismissed the suit as time-barred. *Id.* The Ninth Circuit held that the Intake Questionnaire was sufficient to constitute a charge and that the lack of signature and verification were cured by amendment. *Id.* at 1443. In *Price*, the Fifth Circuit held that an unsigned, unverified Intake Questionnaire was not "necessarily legally insufficient" to constitute a charge. *Price*, 687 F.2d at 78–79. In *Peterson v. City of Wichita, Kan.*, 888 F.2d 1307 (10th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1990), the Tenth Circuit held that a written, unverified complaint (not an Intake Questionnaire) submitted within the 300–day time limit was sufficient to constitute a charge when cured by a later amendment. 888 F.2d at 1309. The court stated that the amendment provision, 29 C.F.R. § 1601.12(b) (1988), which allows an amended charge to relate back to the date the charge was first received, did not prejudice the employer because the EEOC "does not

proceed to investigate a charge until it is verified." *Id.* The Sixth Circuit, in *Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355 (6th Cir.1969), allowed charges to be verified almost six months after they were filed even though a 90–day limitation period on filing charges was in effect. 418 F.2d at 357.

The defendant relies on *Proffit v. Keycom Electronic Pub.*, 625 F.Supp. 400 (N.D.Ill.1985), *overruled on other grounds, Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir.1987). In *Proffit*, a Black female employee of Keycom submitted an unsworn Intake Questionnaire 222 days after her discharge. She was sent a formal charge by mail two weeks later (day 236) but failed to submit it until day 310. The court held that the unsworn Intake Questionnaire did not meet the statutory definition of a charge and noted that "implementing regulations or administrative procedures cannot override their authorizing statute." *Id.* at 407, 403. The court, in essence, held that a complaint must be sworn before it can be treated as a charge. *Proffit* also noted that the Intake Questionnaire itself stated that the EEOC used it "to determine the existence of 'potential charges,' to provide 'pre-charge counseling,' and 'to solicit information to enable the Commission to avoid the intake of matters not within its jurisdiction.'" *Id.* at 404. The court in *Proffit* found *Casavantes* "wholly unpersuasive." *Id.* at 403. *See also Buffington v. General Time Corp.*, 677 F.Supp. 1186 (M.D.Ga.1988); *Hamel v. Prudential Ins. Co.*, 640 F.Supp. 103 (D.Mass.1986).

The magistrate here also found *Casavantes* unpersuasive and that Cowley's Intake Questionnaire could not be equated with a formal charge. (Magistrate's Report p. 6). This court, however, finds that the Intake Questionnaire is sufficient to constitute a charge, if properly amended, for EEOC purposes.[1]

---

1. The court finds sufficient evidence that Cowley filled out the Intake Questionnaire bearing his name. (Affidavit of Cowley). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The EEOC provided an affidavit executed by Cowley stating that he filled out an

For EEOC purposes, Cowley's Intake Questionnaire contained enough information to satisfy 29 C.F.R. § 1601.12(b): it named the defendant as the offending party and alleged that Cowley was terminated because of his race and religion. It also complies with the general definition of the term "charge." Cowley's stated purpose in going to the EEOC office was to file a charge against the defendant, (Affidavit of Cowley), and "to tell them what happened, because I didn't know the procedures that was (sic) followed." (Cowley deposition, p. 121). In effect, Cowley went to the EEOC office to start the machinery of the administrative process rolling. As to the requirements of a signature and verification, the regulations allow for subsequent amendment which relates back to the original submission. 29 C.F.R. § 1601.12(b). The relating-back regulation has been upheld by every circuit which has considered it. *See Peterson v. City of Wichita, Kan.*, 888 F.2d 1307, 1308–09 (10th Cir.1989) (reversing the district court which followed the *Proffit* reasoning). To hold that an Intake Questionnaire which identifies the party to be charged, as well as the aggrieved party, and specifies the alleged discriminatory practices does not satisfy the Title VII charge-filing requirement after it is properly amended would place form over substance and fail to adhere to the Supreme Court's admonition that statutes under which untutored laymen must initiate a statutory process should not be given a technical reading.

Because a writing which suffices as a "charge" was filed within the statutory time limitations, and properly amended to include a signature and oath, the EEOC's suit is not barred as untimely. The defendant is not entitled to summary judgment on this issue.

## ISSUE II

Whether equitable considerations should toll the time limitation period for filing a charge with the EEOC in this case.

This issue under the court's ruling on the timeliness of the "charge" is rendered moot; however, recognizing that the issue is unsettled in the Sixth Circuit, and having already reviewed the question in this case of equitable tolling, the court will set forth its decision.

The Supreme Court has held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in Federal Court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Equitable tolling is appropriate in cases of active deception such as where a claimant has been " 'lulled into inaction by her past employer, state or federal agencies, or the courts.' " *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984). It is also appropriate in cases where a claimant is " 'actively misled' " or has been prevented from asserting his or her rights in an extraordinary way. *Id.* (citing *Wilkerson v. Siegfried Insurance Agency, Inc.*, 683 F.2d 344, 348 (10th Cir.1982)). *See also Miller v. Marsh*, 766 F.2d 490 (11th Cir.1985); *Fox v. Eaton Corp.*, 689 F.2d 91, 93 (6th Cir. 1982). The magistrate found no evidence that equitable tolling was appropriate. The court agrees.

There is no evidence before the court that Cowley did not know of the 300–day time limitation for submitting a charge. Furthermore, as the magistrate pointed out, the letter dated April 3, 1985 from the EEOC to Cowley clearly called for Cowley to act quickly. The letter also stated that Cowley's charge would be considered filed when received by the EEOC office.[2]

The EEOC offers the affidavits of Cowley and Tim Williams, an EEOC employee, in support of its argument for equitable

---

Intake Questionnaire on March 25, 1985, at the EEOC office.

**2.** The plaintiff's argument that Cowley's charge should be considered received when mailed is

without merit. *Johnson v. Host Enterprise, Inc.*, 470 F.Supp. 381 (E.D.Pa.1979); 29 C.F.R. § 1601.13(a)(4)(ii).

tolling. In his affidavit, Cowley states: "I was relying on the EEOC to tell me about anything else I needed to do about my complaint and when to do it." (Affidavit of Cowley). Williams, the EEOC Intake Investigator who interviewed Cowley and took his Intake Questionnaire on March 25, 1985, stated in his affidavit that he does not recall telling Cowley of the fact that the "300 day limitation period on the charge was close to running." (Affidavit of Tim Williams). However, he did not testify that he did not advise Cowley of the 300–day limitation period.

The court feels that the nonmovant, who has the burden of proof on the issue of equitable tolling, has failed to produce sufficient evidence to convince a reasonable factfinder in equity that Cowley was the victim of active deception, active misleading, or was lulled into inaction by the EEOC. Summary judgment in favor of defendant is appropriate as to this issue.

## ISSUE III

Whether the 1984–85 Worksharing Agreement between the EEOC and the THRC permits the automatic termination of deferral agency proceedings when a charge is initially submitted to the Memphis office of the EEOC such that a charge can be filed with the EEOC on the same day it is deemed originally submitted to the Memphis office of the EEOC.

■ Worksharing agreements between state deferral agencies and the EEOC have been "encouraged by Congress and approved by the Supreme Court." *Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472, 1477 (9th Cir.1989). The Tennessee legislature has also authorized cooperation between the Tennessee Human Rights Commission and EEOC to enforce Title VII. *Tenn.Code Ann.* § 4–21–202(6) (1978). The Tennessee Human Rights Commission and the EEOC entered into a written Worksharing Agreement for 1984–85 which purported to automatically waive state processing and terminate all state proceedings for charges initially filed at the Memphis office of the EEOC. The interpretation of various sections of that

Worksharing Agreement is the essence of this issue.

The Supreme Court held in *Commercial Office Products* that a state deferral agency may waive its exclusive 60–day period to process a charge pursuant to a worksharing agreement and thus terminate the state agency's proceedings so that the EEOC could immediately file and process the charge. *Commercial Office Products*, 486 U.S. at 117, 108 S.Ct. at 1672. A waiver provision in a worksharing agreement between a state and the EEOC can also be self-executing. *See Green*, 883 F.2d at 1480.

When a charge is first received by the EEOC, the EEOC regulations state that if the charge is "within a category of charges over which the 706 Agency has waived its rights to the period of exclusive processing ..., the charge is deemed to be filed with the Commission upon receipt...." 29 C.F.R. § 1601.13(a)(4)(ii)(A). Thus, the automatic waiver provision for charges initially received by the Memphis office pursuant to sections III.D. and III.E. of the 1984–85 Worksharing Agreement should be valid if the state deferral agency proceedings are held to be "terminated."

The key provisions of the 1984–85 Worksharing Agreement provide:

II.H. If a Charging Party files a Title VII allegation of employment discrimination which will be initially processed by the EEOC; then this charge will be forwarded to THRC for dual-filing purposes only to satisfy the deferral requirements of Title VII, Section 706(c).

III.B. (in part)

THRC will review its pending inventory of new charges quarterly. If at any time it appears that the number of deferred charges from EEOC to THRC will not meet 10% of EEOC's annual workload, then additional Title VII charges will be deferred to THRC for processing from the EEOC's Nashville Area Office or the Memphis District Office as appropriate.

III.D. For purposes of Section 706(c) of Title VII, the date of waiver shall be considered to be the date of receipt of

the charge by EEOC, and the date of waiver shall also be considered the date of termination of State proceedings. THRC will provide an EEOC Form 212–A confirming waiver to the appropriate EEOC Office.

III.E. The EEOC will initially process all charges filed by EEOC Commissioners. The EEOC will initially process and THRC waives its right to initially process the following categories of charges:

\* \* \* \* \* \*

8. All charges initially received by EEOC's Memphis District Office and the Nashville Area Office, except those indicated in Section IIIB.

III.F. Notwithstanding any other provision of the Agreement, the THRC or the EEOC may request to be granted the right to initially process any charge. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement.

III.G. (in part)

However, the THRC expressly reserves the right to make an immediate analysis of each incoming deferral from the EEOC in order to make a prompt determination as to whether the best interests of the parties would be served by waiving its initial right to process. If for any reason the THRC elects to waive jurisdiction, it will inform the EEOC as soon as possible, but not later than ten (10) days from the date that the charge will have been received by the THRC, so that the EEOC may exercise jurisdiction within the 60 day deferral period, as provided for in Section 706(d) of Title VII.

IV.F. Charges being deferred/transmitted to THRC under its 706 status will be deferred to the Nashville Central Office for review, acceptance or rejection. The THRC Nashville Central Office will bear the responsibility of distributing charges to its area offices and for subsequently sending charges to EEOC for substantial weight review.

IV.G. The EEOC Nashville Area Office and the Memphis District Office will be responsible for timely deferral of charges from their respective Intake units to the Nashville Central Office of THRC.

IV.H. The Nashville Central Office of the THRC will return EEOC Form 212, indicating whether or not it will waive or process charges, to the Memphis District Office. All charges sent to EEOC for substantial weight review should be mailed to the Memphis District Office for review.

Sections II.H., III.B., III.D., and III.E.8. are consistent with an automatic self-executing waiver provision for all charges initially filed with the Memphis office of the EEOC. There is no evidence that section III.B. was in effect during the relevant times in this case.

In *Green v. Los Angeles Cty. Superintendent of Sch.*, the worksharing agreement contained a provision almost identical to section III.F. in the THRC/EEOC Worksharing Agreement. *Green*, 883 F.2d at 1479. An automatic waiver provision for charges initially filed with the state agency between days 240 and 300 in favor of the EEOC was contained in the agreement. *Id.* The Ninth Circuit held that the section III.F. language in the *Green* worksharing agreement read together with the automatic waiver provision did not affect the self-executing nature of the waiver provision and that any argument that the language negated the automatic waiver was "without merit." *Id.*

This court agrees. The fact that THRC "may request to be granted the right to initially process any charge" which it has already deferred to the EEOC does not alter the automatic deferral.

Section III.G. when simplified provides that charges received by the EEOC and deferred to the THRC will be analyzed immediately to determine if it would be better for THRC to waive its right to initially process a charge filed by a member of the Commission. The basis for the court's determination that section III.G. is only applicable to charges filed by the Commission is the reference in section III.G. to allowing the EEOC to "exercise jurisdiction within the 60 day deferral period, as provided for in Section 706(d) of Title VII." Sec-

tion 706(d)[3] applies only to charges which are filed by the Commission and not to charges filed by individuals. Since the reason stated in section III.G. of the Worksharing Agreement for THRC to inform the EEOC of the THRC waiver is to allow EEOC to proceed within the specific 60–day deferral period of section 706(d) (and not section 706(c)), it follows that section III.G. of the Worksharing Agreement deals only with the type of charges with which section 706(d) is concerned.

The charge in this case was filed by Cowley under section 706(c) of Title VII. The Worksharing Agreement, section III. D., specifically provides that "[f]or purposes of Section 706(c) of Title VII, the date of waiver shall be considered to be the date of receipt of the charge by EEOC, and the date of waiver shall also be considered the date of termination of State proceedings.

Both parties cite *Patterson v. City of Dyersburg, Tenn.*, 39 FEP Cases 256 (W.D.Tenn.1985) as helpful. In *Patterson,* Judge Gibbons found that the 1980–81 Worksharing Agreement between the EEOC and the Tennessee Commission for Human Development did not allow for the termination of state proceedings upon the initial receipt of a charge by the Memphis office of the EEOC. *Id.* at 261. The 1984–85 Worksharing Agreement which is at issue in this case, however, contains an additional term, section III.D., which categorically states that the date of waiver is the date of receipt of a charge by the EEOC, and that the date of waiver is also the date of the termination of state proceedings.

In *Patterson,* the court stated that the same language contained in section III.G. of the 1984–85 Worksharing Agreement "appears to apply to all charges initially filed with the EEOC for which deferral would be appropriate." *Id.* at 261. However, for the reasons stated, this court does not believe that section III.G. applies to charges brought under section 706(c).

On this basis, the court concludes that state proceedings were terminated on Cowley's charge on the date that the charge was filed with the EEOC—day 283.

The defendant also contends that the Worksharing Agreement is invalid because it purports to waive the THRC's statutory duty to process all charges made in Tennessee. The defendant cites *Tenn.Code Ann.* § 4–21–302(b) and section 1500–1–.04(1) of the THRC's rules in support of its contention. The defendant does not cite *Tenn. Code Ann.* § 4–21–202(6) which grants the THRC the power to cooperate with the EEOC for the enforcement of section 705 of the Civil Rights Act of 1964 as compiled in 42 U.S.C. § 2000e–4 and to achieve the purposes of that Act and the Tennessee chapter on human rights. The court believes that the THRC has the right under Tennessee law to enter into a worksharing agreement with the EEOC for the purpose of effectively and efficiently enforcing Title VII. The EEOC can thus, in certain situations defined by the Worksharing Agreement, become the "person designated" to investigate the matter pursuant to *Tenn.Code Ann.* § 4–21–302(b). The defendant's contention is therefore rejected.

For the reasons expressed in this order, defendant's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

---

**3.** Section 706(d) as amended is codified at 42 U.S.C. § 2000e–5(d). It provides:

In the case of any charge filed by a member of the Commission alleging an unlawful employment practice occurring in a State or political subdivision of a State which has a State or local law prohibiting the practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, the Commission shall, before taking any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days (provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law), unless a shorter period is requested, to act under such State or local law to remedy the practice alleged.