**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MELEAHA R. GLAPION-PRESSLEY,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER;
DEPARTMENT OF HUMAN SERVICES,

    Defendants - Appellees.

No. 21-1223
(D.C. No. 1:19-CV-02806-RM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Meleaha R. Glapion-Pressley appeals pro se from the district court's dismissal

of her employment discrimination suit and denial of post-judgment relief.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

I

Glapion-Pressley worked for the City & County of Denver, Department of

Human Services (City) from April 2016 until December 2018, when she was fired.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2019, she filed a discrimination complaint with the Equal Employment

Opportunity Commission (EEOC), concluding with the following declaration:

> Pursuant to 28 U.S.C. §[]1746, I, Meleaha Ruth Glapion-Pressley, declare preparing herein June 12, 2019 (Wednesday) Filed Formal Complaint Charges of Discrimination (26 pages) truthfully and to the best of my ability.

R., vol. 3 at 99 (bolding and underlining omitted).  The EEOC notified the City of the

complaint but indicated no response was required at that time because "*[a] perfected*

*charge* (EEOC Form 5) [would] be mailed to [the City] once it [had] been received

from the Charging Party."  *Id.* at 35 (emphasis added).  The EEOC interviewed

Glapion-Pressley and required that she review and sign a formal charge by July 31,

2019.  She apparently never signed it, however, because on August 23, the EEOC

notified her it had not received the charge and therefore no further action would

be taken in her case.  The EEOC deemed this its final action and provided

Glapion-Pressley with a right-to-sue letter.  She then initiated this suit.[1]

The district court determined the third-amended complaint, which was the

operative complaint, alleged three claims under Title VII, *see* 42 U.S.C. §§ 2000e to

2000e-17, and a fourth claim under state law.  The City moved to dismiss, arguing

that the Title VII claims were unexhausted because Glapion-Pressley failed to file a

---

[1] Although Glapion-Pressley initiated this action pro se, the district court appointed her counsel, who filed the operative complaint on her behalf.

2

verified EEOC charge.[2]  Glapion-Pressley responded that her EEOC complaint was

verified because she referred to 28 U.S.C. § 1746 in her declaration.  Adopting a

magistrate judge's report and recommendation, the district court dismissed the Title

VII claims for failure to satisfy the verification requirement.[3]  Glapion-Pressley

moved to vacate the dismissal under Fed. R. Civ. P. 60(b), but the district court

denied her motion.  This appeal followed.

## II

We first consider the scope of this appeal.  The district court entered judgment

on October 14, 2020, and Glapion-Pressley filed her Rule 60(b) motion seven days

later.  The district court denied the Rule 60(b) motion on May 28, 2021, from which

Glapion-Pressley filed her notice of appeal on June 15, though she designated only

the denial of her Rule 60(b) motion.  Because she designated only the denial of the

Rule 60(b) motion in her notice of appeal, the City contends this appeal encompasses

only the order denying the Rule 60(b) motion, not the underlying dismissal.  But the

Rule 60(b) motion tolled the time to appeal because it was filed within 28 days of the

entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).  Although it designated only

the denial of Rule 60(b) relief, we decline to limit this appeal for "hypertechnical

---

[2] EEOC regulations define "verified" as being affirmed before persons authorized to administer oaths or an unsworn written declaration made under penalty of perjury.  *See* 29 C.F.R. § 1601.3(a).

[3] The district court declined to exercise supplemental jurisdiction over the state-law claim.  Glapion-Pressley does not address that ruling on appeal, and we do not consider it.

reasons" when the Rule 60(b) motion tolled the time to appeal, the notice of appeal was timely, and Glapion-Pressley clearly aimed to challenge the underlying dismissal. *Cheney v. Moler*, 285 F.2d 116, 118 (10th Cir. 1960) (internal quotation marks omitted); *see Sundance Energy Okla., LLC v. Dan D. Drilling Corp.*, 836 F.3d 1271, 1275 n.2 (10th Cir. 2016) ("A notice of appeal designating a ruling on a postjudgment motion is typically sufficient to appeal the judgment itself."). Thus, we consider both the underlying dismissal and the denial of post-judgment relief.

III

We review de novo the district court's dismissal for failure to exhaust. *See Gad v. Kan. State Univ.*, 787 F.3d 1032, 1036-38 (10th Cir. 2015) (treating Title VII's verification requirement as a non-jurisdictional exhaustion requirement); *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (reviewing district court's exhaustion ruling de novo).[4] Although we afford pro se pleadings a liberal construction, we will not act as Glapion-Pressley's attorney by searching the record and crafting arguments on her behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A charge of discrimination filed with the EEOC must "'be in writing under oath or affirmation containing such information and in such form as the [EEOC]

---

[4] To the extent Glapion-Pressley contends the district court erred by reviewing material outside the operative complaint, the City was entitled (and obliged) to object to the verification defect immediately in its motion to dismiss. *See Gad*, 787 F.3d at 1039 ("[A]ny objection to the failure to comply with a verification requirement must be raised immediately or not at all." (internal quotation marks omitted)).

4

requires.'" *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002) (quoting

42 U.S.C. § 2000e-5(b)) (brackets and ellipses omitted). "EEOC regulations

interpreting the statute reiterate that a charge 'shall be in writing and signed and shall

be verified.'" *Gad*, 787 F.3d at 1036 (quoting 29 C.F.R. § 1601.9). "'[V]erified'

means 'sworn to or affirmed before a notary public, designated representative of the

[EEOC], or other person duly authorized by law to administer oaths and take

acknowledgements, or supported by an unsworn declaration in writing *under penalty*

*of perjury*.'" *Id.* (emphasis added) (quoting 29 C.F.R. § 1601.3); *see also id.* at 1034

(recognizing a claimant can satisfy the verification requirement by signing a

declaration under penalty of perjury). Although the verification requirement is not

jurisdictional, *see id.* at 1039, it is a condition precedent to suit, *see id.* at 1042.

Indeed, verification serves to "protect[] employers from the disruption and expense

of responding to a claim unless a complainant is serious enough and sure enough to

support it by oath subject to liability for perjury." *Edelman*, 535 U.S. at 113; *see also*

*Peterson v. City of Wichita*, 888 F.2d 1307, 1309 (10th Cir. 1989) ("[T]he purpose of

the verification requirement . . . is to protect an employer from frivolous claims.").

Glapion-Pressley fails to show the district court erred in dismissing her claims

for failure to satisfy Title VII's verification requirement. Her declaration cited

§ 1746, but as the district court correctly observed, she did not sign it "under penalty

of perjury." *See Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (recognizing

the "'under penalty of perjury' language [is] specifically required by 28 U.S.C.

§ 1746"). Although Glapion-Pressley suggests she satisfied the verification

5

requirement by submitting an initial EEOC intake questionnaire, which she says was verified, we decline to consider this argument because Glapion-Pressley failed to preserve it in the district court, and she makes no attempt to show plain error on appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011) (distinguishing waived from forfeited arguments and explaining that "we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result").

Glapion-Pressley asserts she did preserve this issue, but her pleadings refute her assertion. She argued in response to the motion to dismiss that she satisfied the verification requirement—not by submitting an intake questionnaire—but by citing § 1746 in her declaration. *See* R., vol. 3 at 70. She also relied on her reference to § 1746 in her objections to the magistrate judge's report and recommendation, arguing that "[b]y invoking Section 1746, expressly by name, the Plaintiff's declaration must be viewed as incorporating and adopting all of the language of the statute itself, including the 'under penalty of perjury' language." *Id.* at 126. And in her Rule 60(b) motion, she argued that an amended EEOC charge that she filed just days before the district court dismissed her case constituted new evidence justifying post-judgment relief. She insisted under *Edelman* that her amended EEOC charge related back to the time she filed her EEOC complaint and cured the verification defect. Although her Rule 60(b) motion included a sentence suggesting that an intake questionnaire can serve as an EEOC charge, *see id.* at 143, her argument was that her amended EEOC charge should relate back to cure her unverified EEOC

6

complaint. *See id.* at 142-43. She repeated this argument in her Rule 60(b) reply brief, in which she distinguished an intake questionnaire from an amended EEOC charge, which she relied upon. *See id.* at 159-60. Her pleadings thus confirm that she failed to preserve this issue.[5]

Neither must we consider another new argument in which Glapion-Pressley contends the magistrate judge was biased against her. *See Richison*, 634 F.3d at 1127-28. Although she indicates that she "explicitly conveyed, verbally and in writing, reasonably questioning [the magistrate judge's] impartiality to *Pro Bono* Counsel along with mentioning how she had previously filed a Motion for Recusal," Aplt. Br. at 6, she apparently never raised these concerns with the district court. Indeed, the district court docket sheet does not reflect a motion for recusal, and while the parties declined consent to proceed before a magistrate judge, Glapion-Pressley provides no record citation demonstrating that she moved for recusal. *See Garrett*, 425 F.3d at 840-41 (noting an appellant's brief must provide citations to "parts of the record on which the appellant relies").

The argument is meritless in any event. "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal

---

[5] We also note that Glapion-Pressley's opening brief on appeal fails to adequately develop this issue; it merely asserts she satisfied the verification requirement by submitting an initial intake questionnaire. *See* Aplt. Br. at 8. Absent any developed argument, we decline to construct arguments on her behalf. *See Garrett*, 425 F.3d at 840.

quotation marks omitted).  "Adverse rulings alone do not demonstrate judicial bias." *Id.*  Yet adverse rulings are the sole basis of Glapion-Pressley's allegations in which she avers that the magistrate judge issued adverse rulings against her in other Title VII suits she previously has brought.  *See* Aplt. Br. at 6 (arguing that the magistrate judge "presided over appealed Title VII civil actions and granted summary judgments to *pro se* Appellant's previous federal employers"); *id.* at 16 (same).

Additionally, Glapion-Pressley faults the EEOC for closing her case.  While her argument is not entirely clear, she seems to contend the EEOC lacked jurisdiction to close her case because the Department of Justice has sole authority to prosecute discrimination claims involving local municipalities.  *See id.* at 11.  Once again, however, we need not consider this issue because Glapion-Pressley failed to preserve it in the district court.  *See Richison*, 634 F.3d at 1127-28.  We also note that she waived this issue on appeal by failing to explain how the EEOC's closure of her case suggests any error on the part of the district court.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.  Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument."); *see also id.* at 1369-70 (invoking waiver where appellant failed to explain how district court erred).  We therefore affirm the district court's dismissal.

IV

Finally, Glapion-Pressley challenges the denial of her Rule 60(b) motion.  "We review the district court's denial of a Rule 60(b) motion for abuse of discretion."

8

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A district court abuses its discretion when it commits legal error." *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011). There was no abuse of discretion here.

Shortly before the district court entered judgment on October 14, 2020, Glapion-Pressley executed an amended, notarized EEOC charge under penalty of perjury on October 9. *See* R., vol. 3 at 146-47. Following entry of judgment, she returned to the district court and filed a Rule 60(b) motion, arguing that her amended EEOC charge was new evidence warranting relief from the judgment. She claimed her amended EEOC charge should relate back to her EEOC complaint filed on June 12, 2019, to cure the verification defect. *See Edelman*, 535 U.S. at 109 (upholding 29 C.F.R. § 1601.12(b), which "permit[s] an otherwise timely filer to verify a charge after the time for filing has expired"); *see also Peterson*, 888 F.2d at 1309 (same). The district court denied the motion, ruling that because the EEOC had already issued a right-to-sue letter and closed the case, the amended charge was too late.

Glapion-Pressley is correct that *Edelman* permits an amended EEOC charge to relate back to verify an original charge, but we have found no case—and she cites none—permitting such an amendment once the EEOC has closed the case and issued a right-to-sue letter. As *Edelman* observed, the object of verification is to protect employers from frivolous claims, but "[t]his object . . . demands an oath only by the time the employer is obliged to respond to the charge." 535 U.S. at 113. Once the EEOC issues a right-to-sue letter and the claimant files suit, there is no pending EEOC charge to verify. The Fourth Circuit recognized as much when it held that an

amended EEOC charge may relate back to the time the charge was filed to cure a verification defect "only so long as the charge is . . . viable . . . in the EEOC's files, but [once] a right[-]to[-]sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended." *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994).

Here, the EEOC issued a right-to-sue letter, Glapion-Pressley initiated suit, the City filed its motion to dismiss based on the verification defect, and the magistrate judge recommended that the motion to dismiss be granted for lack of verification. Only then—just days before the district court's entry of judgment—did Glapion-Pressley file an amended EEOC charge in an attempt to cure the verification defect. But because the EEOC had long since issued her right-to-sue letter and closed the case, her belated attempt to cure the verification defect was too late and did not justify granting the Rule 60(b) motion. Consequently, the district court acted within its discretion in denying the motion.

V

The district court's judgment is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge