EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appellee,

v.

CAMBRIDGE TILE MANUFACTURING
COMPANY, Defendant-Appellant.

No. 77–3116.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1978.

Decided Jan. 9, 1979.

Roger A. Weber, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant-appellant.

General Counsel, Equal Employment Opportunity Commission, Washington, D. C., William H. Ng, E. E. O. C., Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This case involves the scope of the investigatory and subpoena power of the EEOC. The defendant Cambridge Tile Company is appealing an order granting enforcement of an investigatory subpoena issued by the EEOC in June 1974.

In June, 1973, a Cambridge Tile employee filed a charge with the EEOC, alleging that she was the victim of sex discrimination in that she had been fired for refusing the advances of her male foreman. A few months later a second employee, Orice Pullen, filed a charge alleging race discrimination in her discharge. In the course of its investigations, the EEOC uncovered evidence of possible sex discrimination in job

classifications, and issued the subpoena here in issue seeking further statistical information relating to that discovery. The company refused, asserting that the EEOC was without power to issue the subpoena. After protracted legal proceedings, the District Court ordered enforcement of the subpoena, and the Company perfected this appeal.

The EEOC's statutory authority to examine documents of a party under investigation is contained in 42 U.S.C. § 2000e–8(a):

> In connection with any investigation of a charge filed under section 2000e–5 of this title, the Commission or its designated representative shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by· this subchapter and is relevant to the charge under investigation.

The defendant asserts that the EEOC's subpoena power is sharply limited by the last clause of this provision, and that it has no power to subpoena any information that is not directly related to a charge which has been filed. Since the only two charges against the Company involve race and sex discrimination in firing, it contends that issues of sex discrimination in job classification are not relevant to those charges.

■■■ We disagree, and reaffirm the holding in *Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355 (6th Cir. 1969), that "an employer's 'pattern of action' [is] relevant to the Commission's determination of whether there is reasonable cause to believe that the employer has practiced . . . discrimination. . . . [T]he existence of patterns of racial discrimination in job classifications or hiring situatioñs other than those of the complainants may well justify an inference that the practices complained of here were motivated by racial factors." *Id.*, at 358. The same considerations apply to charges of sex discrimination. Notions of relevancy at the investigatory stage are very broad, and so long as the EEOC is not wandering into wholly unrelated areas, *cf. EEOC v. Bailey Co.*, 563 F.2d 439 (6th Cir.

1977), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978) (issue of religious discrimination accidentally uncovered during investigation of sex and racial discrimination), we hold that the Commission has the power to investigate· and thus to subpoena documents concerning any employer practice which may shed light on the discrimination charged. We hold that the possibility the employer was discriminating against women in job classifications is relevant to the specific charges of sex and race discrimination in firing. A company's business practices are not so compartmentalized as the defendant in this case would contend.

The EEOC is not on a "fishing expedition" here; it is legitimately attempting to further investigate a strong possibility of sex discrimination, which was uncovered during a reasonable investigation of specific charges made by former employees. The powers granted to the EEOC under Title VII should not be narrowly interpreted, and we decline to hold that the EEOC is powerless to investigate a broader picture of discrimination which unfolds in the course of a reasonable investigation· of a specific charge.

The order of the District Court granting enforcement of an administrative subpoena is affirmed.