**SUNBEAM APPLIANCE COMPANY, DIVISION OF SUNBEAM CORPORATION, Plaintiff,**

v.

**Edward D. KELLY, Acting District Director, Chicago District Office, United States Equal Employment Opportunity Commission, and United States Equal Employment Opportunity Commission, Defendants.**

**and**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SUNBEAM APPLIANCE COMPANY, DIVISION OF SUNBEAM CORPORATION, a Delaware corporation, Defendant.**

**Nos. 81 C 2068, 81 C 2419.**

United States District Court,
N. D. Illinois, E. D.

Feb. 16, 1982.

James Davis, Timothy C. Klenk and Charles M. Chadd, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff in both cases.

Sandra Little, Equal Employment Opportunity Commission, Chicago, Ill., for defendant in both cases.

### ORDER

BUA, District Judge.

The present controversy developed during the course of an EEOC investigation of three separate charges of employment discrimination filed against Sunbeam Appliance Company. The controversy was apparently sparked by a letter the EEOC Chicago District Director wrote to Sunbeam on March 15, 1979, informing Sunbeam that the EEOC would

> Process the matters [the three charges] on a comprehensive basis . . . [and] examine the following issues; Recruitment, hiring, assignment, wages, promotion, training, and termination on the basis of race, national origin, and sex. The Commission will not agree to cease processing these charges unless all 'class' questions are resolved.

Sunbeam objected to any investigation that extended beyond the three individual charges on the grounds that such an investigation deviated from procedures set forth in the EEOC Compliance Manual. Sunbeam maintained that an investigation of the breadth described in the EEOC's March 15, 1979 letter could only be conducted by following the Compliance Manual's Systemic Procedure. Sunbeam also asserted that the Early Litigation Identification Procedure (ELI) set forth in the Compliance Manual must be followed in investigations that are broader in scope than individual charge investigations but less far-reaching than investigations allowed under the Systemic Procedure.

In December, 1979, pursuant to the intention described in the EEOC's March 15, 1979 letter to Sunbeam, the EEOC subpoenaed documents and records from Sunbeam. Sunbeam sought unsuccessfully to have the subpoena revoked through administrative appeal with the EEOC. Finally, after attempts to settle failed, the EEOC informed Sunbeam that its investigation would continue. Sunbeam failed to respond to the subpoena and the EEOC sought from this court an order to show cause why a subpoena should not be enforced (No. 81 C 2419). Sunbeam then filed a separate action (No. 81 C 2068) seeking to compel the EEOC to follow the investigatory procedures set forth in the EEOC Compliance Manual. Sunbeam also invoked the court's jurisdiction under 28 U.S.C. § 1331, authorizing suits arising under the Constitution and laws of the United States and 28 U.S.C. §§ 2201 and 2202, authorizing actions for declaratory judgment.

Because the underlying facts in Sunbeam's request for mandamus and the EEOC's order to show cause are identical, the court will decide these matters together. There being no issues of material fact present which would require a hearing, this court will decide the case as a matter of law. F.R.Civ.P. 56, *EEOC v. Bay Shipbuilding*, 668 F.2d 304 at 309–311 (7th Cir. 1981).

### *The Request for Mandamus*

The EEOC has moved to dismiss Sunbeam's action for a mandamus under section 1361 because of lack of subject matter jurisdiction. A district court possesses section 1361 jurisdiction to mandamus federal agents only when a clear, plainly defined and peremptory duty on the federal defendant is shown. *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir. 1978). "There can be no mandamus jurisdiction if no 'duty' exists on the part of the defendants." *City of Milwaukee v. Saxbe*, 546 F.2d 693, 700 (7th Cir. 1976). Moreover, if there is no duty on the part of the federal defendant, not only is section 1361 jurisdiction absent, but no claim exists on which relief can be granted. *Id.* at 700.

In the instant case, Sunbeam cannot successfully invoke section 1361 mandamus jurisdiction because the EEOC is under no duty *vis-a-vis* Sunbeam to follow the procedures set forth in the EEOC Compliance Manual. A similar claim was rejected in *Hall v. EEOC*, 456 F.Supp. 695, 702–03 (N.D.Cal.1978). In that case, a class of Title VII plaintiffs sued the EEOC for processing their charges by means of procedures that deviated from those set forth in the EEOC Compliance Manual. The court held that the EEOC Compliance Manual did not determine any rights of parties before the EEOC. The court found that the Compliance Manual "fleshes out the bare bones of the statute and regulations with explanations of the agency's specific policies and procedures . . ." *Id.* Accordingly, the Early Litigation Identification Program (ELI) was recognized as "an internal method of viewing charges" in *EEOC v. Bay Shipbuilding Corp., supra.*

Similarly, actions contesting the legality of EEOC regulations under the Administrative Procedure Act (APA) have been rejected because the regulations were found to be methods the EEOC uses to handle its own business. *See EEOC v. National Cash Register Co.*, 405 F.Supp. 562, 571–72 (N.D.Ga. 1975). Because procedures set forth in the EEOC Compliance Manual are internal guidelines for use of the agency, Sunbeam cannot invoke section 1361 mandamus jurisdiction. As Chief Judge Peckham noted in *Hall*, "[t]o reach the opposite conclusion would be to hamstring agencies in their efforts to improve their internal procedures regarding the way they conduct their business, and rob them of virtually all flexibility in dealing with increasing workloads. Neither the APA nor notions of elementary fairness, . . . require such a result." *Hall, supra* at 702.

For the same reasons that this court must deny Sunbeam's request for a mandamus, it must also deny the company's due process claim. In *Hall*, the court rejected the claim that the EEOC's failure to follow its Compliance Manual procedures deprived plaintiffs of due process of law. The court reasoned that the plaintiffs had no right to obtain a particular investigation from the EEOC and without such a "right" there could be no deprivation of life, liberty or property protected by due process of law. *Id.* at 702. This court concurs.

The court noted that in cases where statutes were held to protect fourteenth amendment due process rights, the statutes conferred specific benefits, the absence of which would have a strong adverse effect on the claimant (public education, driver's license, public assistance). *Id.* In contrast, the court found that Title VII and the regulations thereunder did not confer any benefit of substance or entitlement to an investigation or conciliation attempt on a charging party.

This court fully concurs with the reasoning reflected in the *Hall* case. No right or entitlement to a specific type of investigation is conferred by Title VII on a Title VII defendant. The result does not change by characterizing the request for mandamus as one for declaratory relief under 28 U.S.C. §§ 2201 and 2202. *Cartier v. Secretary of State*, 506 F.2d 191, 200 (D.C. Cir.1974).

Sunbeam additionally argues that remarks of EEOC Chair Norton before Congress in 1977 created a right in Sunbeam to rely on the agency's adherence to its Compliance Manual procedures. In support of its argument Sunbeam cites *United States v. Tobins*, 512 F.Supp. 308 (D.Mass.1981). In *Tobins*, the United States Department of Energy (DOE) subpoenaed information from Weston Petroleum. Weston claimed that the subpoena was unenforceable because it was initiated in violation of a statement of policy the DOE published in the Federal Register. The court refused to enforce the subpoena because it violated the DOE's publicly announced statement of policy. The court found that the nature of the policy statement and the circumstances surrounding its publication were such that regulated firms could rely on the policy. But, the court noted that

determining that the court in its discretion should not grant enforcement of

DOE's subpoena, in the absence of a showing that the agency has complied with its policy statement limiting such investigations, is different from determining that the court should (or has the power to) order that the agency comply with the policy statement—a determination I need not make . . .

*Id.* at 316 n.8.

Thus, *Tobins* does not stand for the proposition that Sunbeam suggests. Moreover, in *Tobins*, the court noted that the procedures at issue were unlike the "interpretive rules, guidelines, general policy statements, and instructions to staff sometimes held not to be binding on the issuing agency." *Id.* at 315. In the instant case, the Systemic and Early Litigation Identification Procedures are like the procedures distinguished by the *Tobins* court. They are internal guidelines to be used by the EEOC. Sunbeam has no due process right to compel the EEOC to follow such procedures.

*Application for Subpoena Enforcement*

■ Paralleling its mandamus argument, Sunbeam asserts that enforcement of the subpoena would be illegal because it was issued pursuant to an investigation that violates procedures set forth in the EEOC Compliance Manual. Even assuming that the investigation is of the scope contemplated by the Systemic Procedure outlined in the Manual, failure to follow the Systemic Procedure does not render the subpoena illegal and unenforceable.

An identical rationale was rejected in *EEOC v. University of Pittsburgh*, 643 F.2d 983 (3d Cir.), *cert. denied.* —— U.S. ——, 102 S.Ct. 362, 70 L.Ed.2d 190 (1981). In that case the EEOC sought compliance with a subpoena duces tecum issued to the university in connection with an employment discrimination investigation. The university argued that the subpoena was unenforceable because it was issued pursuant to a charge that was improperly verified. The university's contention was based on the fact that the EEOC had failed to follow verification procedures recommended by the EEOC Compliance Manual, section

8.5(d). The court rejected the university's contention:

"[T]he EEOC need not follow the procedures outlined in its compliance manual in every case. The manual's provisions are discretionary in this respect, and read that '[t]here may be instances . . . when . . . a particular procedure . . . should not be followed."

*Id.* at 986 n.4. This court similarly finds that Sunbeam's contention that the subpoena is illegal because it was issued pursuant to an investigation deviating from Compliance Manual procedures is without merit.

■ The requirements for enforcement of an administrative subpoena were articulated by the Supreme Court in *Powell v. United States*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The petitioner must show, 1) that the investigation has a legitimate purpose and the inquiry may be relevant to that purpose; 2) that the information is not already within the government's possession; and 3) that procedures required by the agency issuing the subpoena have been followed. *Id.* at 57–58, 85 S.Ct. at 254. The subpoena in the instant case meets Powell's requirements.

The subpoena was issued pursuant to three charges of employment discrimination properly before the EEOC. The charges alleged race and sex discrimination in Sunbeam's wage, promotion, discharge and lay-off practices. In essence, the subpoena seeks, 1) information regarding applicants hired and not hired with certain job classifications; 2) job descriptions and specifications for specific positions; 3) information contained in specified company forms; 4) information pertaining to the company's work force for the years 1975, 1976, 1977, 1978 and 1979; 5) information regarding requests by certain employees for training; 6) information regarding promotions and salary for employees in specified job groups; and 7) information regarding the company's personnel record-keeping.

■ It is well settled that the investigatory powers of the EEOC are to be interpreted broadly. *See Motorola, Inc. v.*

*McLain*, 484 F.2d 1339, 1342 (7th Cir. 1973). Thus, a determination of what information is relevant to an EEOC investigation is very broad "so long as the EEOC is not wandering into wholly unrelated areas." *EEOC v. Cambridge Tile Manufacturing Co.*, 590 F.2d 205 (1979). In the instant case, the documents are subpoenaed within the bounds of relevancy.

The second requirement, that the information requested is not already in the government's possession, is also satisfied. Sunbeam's response to the EEOC's application for enforcement of the subpoena states

> that it [Sunbeam] has already produced to the Commission all of the documents and information, if any, which the Commission's subpoena lawfully required it to produce ... [and] [t]o the extent they have not been produced, are not necessary or relevant ...

Defendant's Response to Equal Employment Opportunity Commission's Application for an Order to Show Cause why Subpoena should not be Enforced at 7.

The court construes Sunbeam's response to mean that all the information required in the subpoena has not been provided to the EEOC.

The third requirement, that the procedures required by the agency issuing the subpoena have been followed, has also been complied with in the instant case. The governing regulation requires the following.

> The subpoena shall state the name and address of its issuer, identify the person to whom and the place, date, and time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested.

29 C.F.R. 1601.17 (1979). The subpoena meets all the regulations' requirements.

The constitutional objections Sunbeam raises are also without merit. Enforcement of the subpoena does not violate Sunbeam's rights under the fourth or fifth amendment. The fourth amendment requires that an administrative subpoena be authorized by law and that the information requested be relevant to the investigation. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). The EEOC need not show probable cause that a Title VII violation has occurred. *EEOC v. Bay Shipbuilding Corp.*, 25 Empl.Prac.Dec. (CCH) ¶ 31,635 (E.D.Wis. Feb. 12, 1981), *aff'd* 668 F.2d 304 (7th Cir. 1981). The whole purpose of an EEOC investigation is to determine if probable cause exists. *Id.* The EEOC subpoena in the instant case comports with the requirements of the fourth amendment.

Sunbeam's fifth amendment claim is also without merit. Administrative agencies have the power to conduct investigations without many of the procedural safeguards embodied in the fifth amendment's due process clause. *Hannah v. Larche*, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). The procedural safeguards demanded by due process are flexible and depend on the nature of the proceedings at issue. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). An EEOC investigation is an investigative, not an adjudicatory procedure, determining no rights between the parties before it. *Hall v. EEOC*, 456 F.Supp. 695 (N.D.Cal.1978); *see also EEOC v. Bay Shipbuilding Corp.*, 25 Empl.Prac. Dec. (CCH) ¶ 31,635 (E.D.Wis. Feb. 12, 1981), *aff'd*, 668 F.2d 304 (7th Cir. 1981). The investigation in the instant case presents no due process problem.

The court is also unpersuaded by Sunbeam's contentions that the subpoena is too indefinite, vague and burdensome to be enforced. Documents requested must be adequately specified and relevant to the investigation. *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). The subpoena meets this standard. Moreover, the company's claim that the subpoena requires burdensome compilations and summaries cannot stand. As the Seventh Circuit noted in *Bay Shipbuilding*, "[t]his hoary point has already been correctly rejected in other EEOC cases." *EEOC v. Bay Shipbuilding Corp., supra*, 668 F.2d at 313. Finally, the court rejects Sunbeam's claim that the doctrine of laches prevents

enforcement of the subpoena. Congressional intent to eliminate employment discrimination through Title VII cannot be thwarted simply because agency investigations are often lengthy in nature.

For the foregoing reasons, Sunbeam's request for mandamus is denied (No. 81 C 2068), and respondent is ordered to comply with the EEOC's subpoena (No. 81 C 2419).

IT IS SO ORDERED.