**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,**

v.

**ASTRONAUTICS CORPORATION OF AMERICA, Respondent.**

No. 86 Misc. 127.

United States District Court, E.D. Wisconsin.

May 20, 1987.

Frances H. Assa, Sr. Trial Atty., U.S. E.E.O.C., Milwaukee, Wis., for applicant.

Holly Russek, Milwaukee, Wis., Samuel Paige, Paige & Paige, New York City, for respondent.

## DECISION AND ORDER

WARREN, Chief Judge.

Applicant United States Equal Employment Opportunity Commission ("EEOC") commenced this action on November 10, 1986, by applying to this Court for an order enforcing two subpoenae *duces tecum*, pursuant to 42 U.S.C. § 2000e–9. This Court possesses jurisdiction over this matter pursuant to 42 U.S.C. §§ 2000e–5(f) and 9.

The EEOC is the federal agency charged with administering and enforcing Title VII of the Civil Rights Act of 1964, including the investigation of charges of unlawful employment practices. Respondent Astronautics Corporation of America is a Wisconsin corporation doing business in the

State of Wisconsin, with facilities in Milwaukee, Wisconsin. This case stems from two charges of discrimination, both filed on March 21, 1984. The charges were filed by two former employees of respondent, Kathleen M. Heck ("the Heck charge") and Alexis Renee Benkowski ("the Benkowski charge").

Following the filing of these charges, the EEOC notified respondent of the charges and proceeded to commence investigating the allegations contained therein. As part of its investigation, the EEOC requested that respondent disclose various information regarding its employees and employment practices. The record reveals that for the most part the respondent disclosed the information sought by the EEOC. However, respondent refused to disclose certain requested information prompting the EEOC to issue the two administrative subpoenae seeking the production of this information.

The EEOC issued the two subpoenae on April 23, 1986 and served them on the respondent on April 25, 1986. On May 2, 1986, respondent petitioned the EEOC for revocation of the subpoenae. The EEOC denied respondent's petitions on May 23, 1986. This denial was appealed to the EEOC's General Counsel and, on August 25, 1986, the Acting General Counsel of the EEOC denied the respondent's petitions and required the respondent to comply with the subpoenae by 10:00 a.m. on October 3, 1986. To date, respondent has refused to comply with either of the subpoenae.

## BACKGROUND

The EEOC's investigation of respondent originated with two separate charges of sex discrimination in employment brought against respondent by Ms. Heck and Ms. Benkowski. In her charge, Ms. Heck alleges that she was continually subjected to sexual harassment by the respondent's male managers and was paid less than the respondent's male employees of the same job classification. Further, Ms. Heck recites various instances where she was allegedly subjected to different terms and conditions of employment and describes various acts of alleged overt sexual discrimination against her by the respondent. Finally, Ms. Heck sets forth a "CLASS ALLEGATION", alleging that the respondent has discriminated against all of its female employees in terms of promotion, pay, and terms and conditions of employment.

In her charge, Ms. Benkowski states her reasons for believing that the respondent unlawfully discriminated against her on the basis of sex and advances her beliefs of how she was harmed by such alleged discrimination. Further, Ms. Benkowski also states a "CLASS ALLEGATION", alleging that the respondent has discriminated against all of its female employees in terms of pay.

Respondent opposes the EEOC's application for enforcement of the two administrative subpoenae on the following grounds:

(1) Paragraph 4 of each charge labeled "CLASS ALLEGATION" is invalid by failing to set forth the information required by the applicable statutes, regulations and case law;

(2) Item 1 of the Heck subpoena is not relevant nor material to her charge; and

(3) the information requested in Item 1 of the Benkowski subpoena is not available and cannot be reconstructed without disrupting the normal operations of respondent's business.

## DISCUSSION

█ As a preliminary matter, the Court addresses respondent's request that oral argument be scheduled on this matter to clarify the issues. In *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304 (7th Cir.1981), the Seventh Circuit held that it was proper for the district court to resolve a controversy surrounding an application for enforcement of an administrative subpoena without an evidentiary hearing or oral argument since the only issues before the district court involved questions of law. Similarly, the issues before the Court in the present case involve questions of law and no factual disputes need be resolved prior to addressing the merits of the present dispute. Further, both parties have had

the opportunity to brief their respective positions in this matter. Accordingly, the merits of the pending application will be resolved based on the record before the Court.

## I. Validity of the "CLASS ALLEGA-TION" Paragraphs In the Heck and Benkowski Charges.

Title VII provides that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e–5(b). The EEOC regulations provide that sworn charges should contain (1) the name, address, and telephone number of the charging party; (2) the name and address of the person against whom the charge is made, if known; (3) a "clear and concise" statement of the facts, including pertinent dates; (4) the approximate number of employees of the respondent, if known; (5) and whether or not proceedings have been begun before a state or local agency. 29 C.F.R. 1601.12(a).

The "CLASS ALLEGATION" in Heck's charge reads in total as follows:

I believe that the respondent has discriminated against all females by failing to promote them to management positions, pay equal wages in the same job classification, performing the same job duties. Also, all females are treated differently with respect to terms and conditions of employment.

Ms. Benkowski's "CLASS ALLEGATION" reads as follows:

I believe that the respondent has discriminated against all females by refusing to pay them equal wages as males in the same job classification, performing the same job duties.

In *EEOC v. Shell Oil Co.*, 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1983), the United States Supreme Court addressed the question of how specific a charge of discrimination must be. In that case, the Commissioner of the EEOC had issued a sworn charge alleging that Shell Oil:

has violated and continues to violate Sections 703 and 707 of the Civil Rights Act of 1964, as amended, by discriminating

against Blacks and females on the basis of race and sex with respect to recruitment, hiring, selection, job assignment, training, testing, promotion, and terms and conditions of employment.

466 U.S. at 57, 104 S.Ct. at 1625. The Eighth Circuit Court of Appeals had ruled that this charge and notice to the employer was deficient and refused to enforce the EEOC's subpoena of employer records. The Supreme Court reversed the Eighth Circuit's ruling. Recognizing that the EEOC did not possess unbridled powers to investigate and enforce Title VII, the Supreme Court began by ruling that filing a charge that meets the statutory requirements is a jurisdictional prerequisite to the judicial enforcement of an EEOC-issued subpoena. *Id.* at 65, 104 S.Ct. at 1629. The Supreme Court proceeded to find that the EEOC charge before it met the minimal statutory requirements. In so finding, the Supreme Court was apparently influenced by the fact that the charge procedure is but the first step in an integrated, multi-step enforcement procedure. *Id.* at 68, 104 S.Ct. at 1631. Also, it recognized the importance of not impairing the EEOC's ability to investigate charges of systemic discrimination. *Id.* at 69–70, 104 S.Ct. at 1631. Finally, in the context of notifying the employer of the charge, the Supreme Court rejected the contention that specific incidents, victims and dates must be included, as well as the contention that statistical support for the charge was required to be set forth. *Id.* at 78–81, 104 S.Ct. at 1635–38.

The "CLASS ALLEGATION" charges in the present case meet the requirements set forth by the Supreme Court in *Shell Oil.* Both charges set forth the class of persons allegedly discriminated against (all of respondent's female employees) and the nature of such discrimination (unequal pay, promotion and terms and conditions of employment in the Heck charge and unequal pay in the Benkowski charge). The fact that *Shell Oil* concerned a Commissioner's charge of discrimination whereas the present case involves lay-persons' charges of discrimination does not

distinguish *Shell Oil* from the present case. Charges of discrimination filed by laypersons are not held to demanding standards and should be liberally construed. *See Georgia Power Co. v. EEOC,* 412 F.2d 462, 466 (5th Cir.1969); *Oubichon v. North American Rockwell Corporation,* 482 F.2d 569 (9th Cir.1973); *Tipler v. E I DuPont DeNemours And Co.,* 443 F.2d 125 (6th Cir.1971).

■ Finally, the Court will briefly address respondent's contentions that the "CLASS ALLEGATION" charges are substantively invalid and that they fail to meet the Rule 23 requirements of a class action lawsuit. The law is clear that a charge of discrimination does not commence an adversary proceeding, but rather serves to initiate the EEOC's investigation to determine whether an adversary proceeding should be commenced. In a subpoena enforcement action such as this, the Court is not called upon to determine whether the charge of discrimination is well-founded or verifiable. Rather, the Court "has a responsibility to satisfy itself that the charge is valid and that the material requested is relevant to the charge ... and more generally to assess any contentions by the employer that the demand for information is too indefinite or has been made for an illegitimate purpose." *EEOC v. Shell Oil Co.,* 466 U.S. 54, 72 n. 26, 104 S.Ct. 1621, 1632 n. 26, 80 L.Ed.2d 41 (1983). The Court finds that these factors have been met here.

As to respondent's argument based on Rule 23, the law is settled that the class action requirements of Rule 23 do not apply to a subpoena enforcement action. See *General Telephone Co. v. EEOC,* 446 U.S. 318, 332–33, 100 S.Ct. 1698, 1707, 64 L.Ed.2d 319 (1979).

## II. Item 1 of the Heck Subpoena.

Item 1 of the Heck subpoena reads as follows:

1. Provide the following information for employees Dave Kanaly, Thomas Jarchow, Herb Sandeberg, and Roy Singleton:

A. complete employment history with your organization,

B. complete salary history, as documented by personnel data sheets, and,

C. copy of complete personnel file, to include all performance evaluations and job application/resume.

■ Respondent argues that Item 1 of the Heck subpoena is not relevant to Ms. Heck's charge of discrimination. In support of this argument, respondent sets forth the educational background and employment experiences of the individuals listed in Item 1 and contends that these factors conclusively establish that these four individuals cannot be compared with Ms. Heck in determining whether or not she was a victim of unlawful discrimination.

Essentially, respondent's position requests that this Court address the merits of Ms. Heck's charge of discrimination in relation to the four employees of respondent listed in Item 1 of the Heck subpoena. As set forth above, the Court will not evaluate the charge's substantive validity in this subpoena enforcement action. Upon reviewing Ms. Heck's charge of discrimination, the Court is satisfied that the charge is valid and that Item 1 of the Heck subpoena requests information relevant to the charge. Further, respondent does not contend that Item 1 of the Heck subpoena is too indefinite or seeks information for an illegitimate purpose.

## III. Item 1 of the Benkowski Subpoena.

Item 1 of the Benkowski subpoena reads as follows:

1. Provide the specific duties and responsibilities of each person employed by your organization in the position of Contract Administrator during the period of March 1982 through March 1984. List all Contract Administrators by name, and note for each person, any and all changes which occurred in the employee's job duties and responsibilities, together with the date(s) and reason(s) for any such

changes. If no such changes occurred, so state for each person.

 Respondent argues that the information requested in Item 1 of the Benkowski subpoena is not available and cannot be reconstructed without disrupting the normal operations of respondent's business. Respondent supports this argument with the affidavit of Norma Z. Paige, Chairman of the Board and Vice President of respondent. Mrs. Paige states in her affidavit that "[a]n attempt to compile the requested information would disrupt the normal operation of [respondent's] business, and would make it impossible for [respondent] to meet the stringent delivery requirements of its ongoing contracts with the United States Armed Forces." Mrs. Paige's affidavit further states that there were approximately twelve Contract Administrators during the period from March 1982 through March 1984, and that there is no job description of the duties and responsibilities of Contract Administrators.

The respondent makes only conclusory statements that it is unable to provide the information requested in Item 1 of the Benkowski subpoena and that gathering the requested information would be unduly burdensome. The Court finds that the respondent has not made "a showing of serious disruption" to its business operations if it were to comply with the Item 1 request. *EEOC v. Maryland Cup Corp.,* 785 F.2d 471 (4th Cir.1986). Respondent presents no evidence that it has made an effort to compile the information requested in Item 1 of the Benkowski subpoena or that such an effort would be futile because of the impossibility of gathering the requested information. The Court orders respondent to make its best efforts to provide the information requested in Item 1 of the Benkowski subpoena.

### CONCLUSION

For the reasons stated above, the Court hereby GRANTS the EEOC's application for enforcement of administrative subpoenae. Respondent is ordered to comply with EEOC subpoenae numbers MK–86–003 and MK–86–004 on or before June 8, 1987.