EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

GRINNELL FIRE PROTECTION SYS-
TEMS COMPANY, Mort Stepinski,
and Gene Balog, Defendants.

Civ. A. No. 91–MC–210–0.

United States District Court,
D. Kansas.

May 21, 1991.

James R. Neely, Jr., Barbara A. Seely, Robert S. Royal, E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., Christina L. Morris, Kansas City, Kan., for plaintiff.

Joseph R. Colantuono, Overland Park, Kan., Keith C. Hult, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Mark A. Jones, for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the application of the Equal Employment Opportunity Commission (EEOC) for an order enforcing five subpoenas issued to respondents Grinnell Fire Protection Company (Grinnell), Mort Stepinski (Stepinski), and Gene Balog (Balog), both management employees of Grinnell, on September 25, 1990, pursuant to Section 710, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–9. The subpoenas were served in connection with two separate charges of employment discrimination filed against Grinnell by two former employees, Jennifer Carrington and Lynn Woolf, claiming sexual harassment and discharge from employment in violation of Title VII.[1]

1. Both Woolf and Carrington filed Title VII actions in which they allege they were harassed on the basis of their sex (female) and subsequently discharged from their employment. Subpoena Numbers SL–90–50 and SL–90–52 seek to compel the testimony of Stepinski and Balog relative to the Carrington charge. Nos. SL–90–51 and SL–90–53 seek to compel the testimony of Stepinski and Balog relative to the Woolf discharge. No. SL–90–54 seeks information regarding Woolf as well as addresses and telephone numbers of Woolf and twelve other Grinnell employees.

After Carrington and Woolf filed the charges, the EEOC served Grinnell with two Notices of Charge of Discrimination with copies of the charges and Requests for Information attached. When Grinnell failed to comply with the Requests for Information, the EEOC issued the five subpoenas at issue here. Subsequently, respondents filed a Petition for Revocation or Modification of the subpoenas which was denied by the EEOC on November 19, 1990. Following respondents' continued refusal to comply with the subpoenas, the EEOC filed an application for an order to show cause and, on March 7, 1991, the court ordered respondents to show cause why an order of the court should not be entered directing compliance with the subpoenas. 29 U.S.C. § 161(2); 29 C.F.R. § 1601.16(c).[2] A hearing was held on May 6, 1991, and having reviewed the arguments and the briefs, the court is now prepared to rule.

■ The statutory authority of the EEOC to issue subpoenas in a Title VII investigation is clearly defined. Under section 706(b), the EEOC is empowered to investigate all charges of discrimination. 42 U.S.C. § 2000e–5(b). Section 709(a) gives the EEOC access to records of those persons under investigation. 42 U.S.C. § 2000e–8(a). Finally, section 710 sets out the power of the EEOC to enforce subpoenas. 42 U.S.C. § 2000e–9 (incorporating § 11 of the NLRA, 29 U.S.C. § 161).[3] As a result, the power of a federal court to deny enforcement of an administrative subpoena is limited, and the court will generally enforce a subpoena where (1) the underlying investigation is within the agency's authority; (2) the subpoena satisfies statutory requirements of due process; and (3) the information requested is reasonably relevant. *EEOC v. Illinois State Tollway Auth.*, 800 F.2d 656, 658 (7th Cir.1986); *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 475 (4th Cir.), *cert. denied*, 479 U.S. 815, 107 S.Ct. 68, 93 L.Ed.2d 26 (1986); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 783 (7th Cir.1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1907, 80 L.Ed.2d 456 (1984).

Respondents attack the enforcement of the subpoenas primarily on the ground that the underlying two charges of discrimination lack the particularity required by Section 706(b), 42 U.S.C. § 2000e–5(b), which provides:

> Whenever a charge is filed ... by a member of the Commission, alleging that an employer ... has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer....

*See also* 29 C.F.R. § 1601.14(a) (The notice shall include the "date, place, and circumstances of the alleged unlawful employment practice.").[4]

2. On April 18, 1991, counsel for respondent agreed to make Mr. Stepinski and Mr. Balog available for an interview under the condition that the interview not be recorded in deposition form, as is the EEOC's usual practice.

3. 42 U.S.C. § 2000e–9 provides:

for the purposes of all hearings and investigation conducted by the Commission or its duly authorized agents or agencies, Section 11 of the National Labor Relations Act (49 Stat. 455; 29 U.S.C. 161) shall apply.

Section 11 of the National Labor Relations Act, 29 U.S.C. § 161(2), authorizes the issuance of subpoenas requiring the production of evidence, and further provides that:

In case of contumacy or refusal to obey a subpoena to any person, any district court of the United States ... within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application of the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its members, agent or agency there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

4. Specifically, the Carrington charge states:

I. From October 1988 through February 1, 1990, I was subjected to a sexually offensive and hostile work environment. As result of the offensive environment, which the employer refused to correct, I resigned, which I consider to be a constructive discharge.

II. Mort Stepinski, District Controller, was responsible for the sexually hostile environment.

III. I believe that I was subjected to sexually hostile work environment and was forced to

The leading case on the adequacy of notice for purposes of enforcing a subpoena under Title VII is *E.E.O.C. v. Shell Oil,* 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984). In *Shell,* the Court, reversing a decision of the Eighth Circuit, found that an EEOC charge based upon a claim that the employer was "discriminating against Blacks and females on the basis of race and sex with respect to recruitment, hiring, selection, job assignment, training, testing, promotion and terms of conditions of employment" was sufficient to uphold enforcement of a subpoena.

The court began by ruling that the filing of a charge that meets the statutory requirements is a jurisdictional prerequisite to the judicial enforcement of an EEOC–issued subpoena. *Id.* at 65, 104 S.Ct. at 1629. Noting that the requirement in section 706(b) that the notice contain the date, place and circumstances of the alleged unlawful employment practice, was not envisioned as a "substantive constraint on the Commission's investigative authority," *id.* at 75, 104 S.Ct. at 1634, the Court found the purpose of this requirement to be notice to employers that accusations of discrimination had been made and that an EEOC investigation was imminent. *Id.* at 74, 104 S.Ct. at 1633.

The Court then rejected the contention that proper notice must include specific incidents, victims, and dates of the alleged discrimination, reasoning that such a requirement would delay the EEOC's investigation by permitting threshold litigation about the adequacy of the proof of discrimination. *Id.* at 78–81, 104 S.Ct. at 1635–37. The Court emphasized that under Title VII

> A charge of employment discrimination is not the equivalent of a complaint initiating a lawsuit. The function of a Title VII charge is, rather, to place the EEOC on notice that someone (either a party claiming to be aggrieved or a Commissioner) believes that an employer has violated the title. The EEOC then undertakes an investigation into the complainant's allegations of discrimination. Only if the Commission, on the basis of information collected during its investigation, determines that there is "reasonable cause" to believe that the employer has engaged in an unlawful employment practice, does that matter assume the form of an adversary proceeding.

*Id.* at 68, 104 S.Ct. at 1631.

On this basis, the Court concluded that in order to comply with statutory requirements of Title VII, proper notice must "identify the groups of persons that [the complainant] has reason to believe have been discriminated against, the categories of employment positions from which they have been excluded, the methods by which the discrimination may have been effected, and the periods of time in which he suspects the discrimination has been practiced." *Id.* at 73, 104 S.Ct. at 1633.[5]

■ Applying these principles to the facts of the instant case, the court disagrees with respondents that the charges

resign (constructive discharge) due to my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Woolf's charge states:

From October through April 27, 1990, I was subjected to unwelcome sexual harassment from my supervisor. I was also terminated, which I believe was in retaliation for my having rejected the sexual advances. The harassment consisted of foul language, sexual vulgarities, and physical contact of a sexual nature. I often expressed the opinion that the conduct was unwelcome and unprofessional. As a result, a new position was created which had the effect of demoting me, and I was eventually discharged.

I was told by Mort Stepinski, District Controller, that I was discharged because he wanted to fire me.

I believe that I was subjected to unwelcome sexual harassment due to my sex (female) and that I was terminated and otherwise subjected to unlawful conditions of employment in retaliation for my having objected to the unwelcome sexual harassment.

**5.** The fact that *Shell Oil* concerned a Commissioner's charge of discrimination in a pattern and practice case should not distinguish *Shell Oil* from the instant case. Charges of discrimination filed by laypersons are not held to demanding standards and should be liberally construed. *See EEOC v. Astronautics Corp. of America,* 660 F.Supp. 838, 842 (E.D.Wis.1987) and cases cited therein.

in question fail to provide the proper notice required by Title VII. The charges allege sexual harassment by Supervisor Mort Stepinski over a 16–18 month period. The Woolf charge specifies that the harassment took the form of foul and sexually vulgar language, and physical contact of a sexual nature. Woolf's charge further alleges that she was discharged in retaliation for rejecting Stepinski's advances.[6] Carrington's charge alleges that she was constructively discharged because of the hostile work environment created by Stepinski.

The court concludes that these charges clearly provided sufficient notice for Grinnell to (1) discover the allegations against it; (2) investigate on its own and voluntarily comply with Title VII; and (3) be alerted to the range of personnel records which should be kept for purposes of the Commission's investigation. *Shell, supra,* 466 U.S. at 78–79, 104 S.Ct. at 1635–36. Accordingly, the court finds there is no basis for respondents' argument that the subpoenas are unenforceable because the charges fail to satisfy Title VII's standards of factual specificity.

■ The court also rejects respondents' contention that the EEOC's application should be denied on the grounds that the subpoenas were issued for an improper purpose, specifically to provide "a free round of discovery" to the charging parties. Again, respondents appear to misconstrue the nature of an EEOC investigation pursuant to Title VII. It is well settled that the EEOC has the authority "to investigate" 'any employer practice which may shed light on the discrimination charged.' " *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 311 (7th Cir.1981), quoting *EEOC v. Cambridge Tile Mfg. Co.,* 590 F.2d 205, 206 (6th Cir.1979). As stated previously, an EEOC investigation is an information-gathering process and not an adversary proceeding. *See EEOC v. Astronautics Corp. v. America,* 660 F.Supp. 838, 841 (E.D.Wis.1987) (the law is clear that a charge of discrimination does not commence an adversary proceeding, but rather serves to initiate the EEOC's investigation to determine whether an adversary proceeding should be commenced).

As the EEOC has noted, information gathered during its non-adversarial investigation is routinely provided to both parties where deemed necessary to advance an investigation. Such disclosure is permitted by regulation, specifically 29 C.F.R. § 1601.22, which provides in part:

> Neither a charge, nor information obtained during the investigation of a charge of employment discrimination under the ADA or Title VII, nor information obtained from records required to be kept or reports required to be filed pursuant to the ADA or Title VII, shall be made matters of public information by the Commission prior to the institution of any proceeding under the ADA or Title VII involving such charge or information. This provision does not apply to such earlier disclosures *to charging parties, or their attorneys, respondents, to their attorneys, or witnesses where disclosure is deemed necessary for securing appropriate relief* ... (emphasis added).

Further, the practice of disclosing information obtained during an EEOC investigation to the charging party was upheld by the Supreme Court in *EEOC v. Associated Dry Goods Corp.,* 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981), where the Court stated:

> [E]ven if disclosure may encourage litigation in some instances, that result is not inconsistent with the ultimate purposes of Title VII. The private right of action remains an important part of Title VII's scheme of enforcement. Congress considered the charging party a "private attorney general," whose role in enforcing the ban on discrimination is parallel

---

**6.** Although Woolf's charge did not indicate that Mr. Stepinski was the alleged perpetrator of the sexual harassment, (1) the charge did refer to him and (2) on April 16, 1991, the EEOC informed counsel for respondents that Stepinski was the sole alleged perpetrator and Mr. Balog was being called as a witness. On this basis, the court rejects respondents' argument that the charges were insufficient to allow them to make informed decisions regarding representation of Stepinski and Balog by counsel for Grinnell.

to that of the Commission itself. The private litigant could hardly play that role without access to information needed to assess the feasibility of litigation. (Citations omitted).

*Id.* at 602–03, 101 S.Ct. at 824–25.

In sum, the court concludes that the EEOC properly issued the subpoenas in question and, in doing so, fully complied with statutory notice requirements under Title VII. Accordingly, for the reasons stated above, the court grants the EEOC's application for enforcement of the administrative subpoenas. Respondents are ordered to comply with EEOC subpoena numbers SL–90–50, SL–90–52 and 90–SL–54 on or before June 7, 1991.

IT IS SO ORDERED.