**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-31482

_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellant,

versus

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

November 5, 2001

Before GARWOOD and WIENER, Circuit Judges, and CLEMENT,[*] District
Judge.

WIENER, Circuit Judge:

Plaintiff-Appellant Equal Employment Opportunity Commission
(the "EEOC") appeals the district court's refusal to enforce the
EEOC's subpoena because the EEOC failed to meet its burden of
proving that the information sought, regarding the sex of employees
of Southern Farm Bureau Casualty Insurance Company ("Southern
Farm"), was relevant to the racial discrimination charge filed by

_____

[*] Chief Judge of the United States District Court for the
Eastern District of Louisiana sitting by designation.

the EEOC against Southern Farm based on a complaint of a black male employee, or to the EEOC's investigation of that complaint. We affirm the district court's ruling and hold that, under the particular facts of this case, the EEOC at this stage of these proceedings cannot expand its racial discrimination investigation to procure evidence of sex discrimination as well.

Complainant L.C. Thomas ("Thomas") filed a charge with the EEOC alleging that Southern Farm violated Title VII[1] by discriminating against him because of his race. He further alleged that Southern Farm practiced class-wide discrimination against African Americans when hiring insurance claims representatives. In the course of the EEOC's investigation of Thomas's charge, Southern Farm provided the EEOC with a list of employees by name, position, and race. From this information, the EEOC became concerned that Southern Farm may have discriminated on the basis of sex as well as race, and advised Southern Farm in a letter that it was expanding the scope of its investigation "to include the issue of the failure to hire females as Claims Representatives/Claims Adjustors." The EEOC then requested information regarding the sex of Southern Farm's employees in various job positions, but Southern Farm refused to provide such information. It contended that the EEOC could not expand its racial discrimination investigation into a sex discrimination investigation based on nothing more than Thomas's

---

[1] 42 U.S.C. § 2000 et seq.

2

charge.

After Southern Farm refused to provide the requested information, the EEOC attempted to obtain it by subpoena, but Southern Farm refused to comply with the subpoena, prompting the EEOC to file an enforcement proceeding in district court. The district court reasoned that the information sought by the EEOC was irrelevant to the charge for which the EEOC had authority to investigate — racial discrimination based on the charge filed by Thomas — and therefore denied the EEOC's request for enforcement.

The district court first noted that, even though the EEOC is the agency with primary responsibility for enforcing Title VII, it does not possess plenary authority to demand information that it considers relevant to all of its areas of jurisdiction.[2] Instead, the court observed, information requested by the EEOC must be based on a valid charge filed by either an aggrieved individual or by the EEOC itself.[3] After a valid charge is filed, the EEOC may obtain only "evidence of any person being investigated ... that relates to unlawful employment practices ... and is relevant to the charge under investigation."[4] The district court will enforce the EEOC's subpoenas when the EEOC carries its burden of demonstrating that

---

[2] 42 U.S.C. § 2000e-5(a); EEOC v. Shell Oil Co., 466 U.S. 54, 61-62 (1984); EEOC v. Hearst Corp., 103 F.3d 462, 464 (5th Cir. 1997).

[3] 42 U.S.C. §§ 2000e-5(b), 2000e-6(e).

[4] 42 U.S.C. § 2000e-8(a).

3

the information requested is relevant to the charge filed against the employer.[5]  Here, the district court found that the EEOC had not met its burden of demonstrating relevance and therefore denied enforcement.

The district court's determination of relevance, as it pertains to Title VII investigations, is reviewed for either "legal error" or "clear error."[6]  Here, as in <u>Packard</u>, the district court's determination was based on the particular facts of the case and the interrelation of those facts, so we must uphold that determination unless it is clearly erroneous.

We conclude that the district court's ruling, based on the discrete facts and circumstances before it, was not clearly erroneous.  Thomas's charge specified racial discrimination only. When the EEOC discovered what it considered to be possible evidence of sex discrimination by Southern Farm, the EEOC could have exercised its authority under 42 U.S.C. §§ 2000e-5(b), 2000e-6(e)

---

[5]  <u>New Orleans Steamship Ass'n v. EEOC</u>, 680 F.2d 23, 26 (5th Cir. 1982).

[6]  <u>EEOC v. Packard Electric Div.</u>, 569 F.2d 315, 317-18 (5th Cir. 1978)

> The 'relevance' of documents ... is a mixed question of law and fact, which implies that our standard of review of such determinations should look either to 'legal error' or to 'clear error,' depending on the circumstances.
> ....
> Since the question of relevance in this instance is essentially a factual determination concerning the interrelation or lack thereof of different groups of facts, we must uphold the district court's determination unless it is clearly erroneous.

4

to file a commissioner's charge alleging sex discrimination, thereby freeing the EEOC to demand information relevant to Southern Farm's employment of women. Instead, nineteen months into its investigation of Thomas's racial discrimination charge, the EEOC simply began requesting information about the sex of Southern Farm's employees. Given this timing, together with the availability of a statutory avenue for pursuing other discrimination charges and the EEOC's inability to demonstrate relevance in this case, we perceive no clear error in the district court's determination.

As per the district court's order, the denial of the EEOC's enforcement request is

AFFIRMED.

5