# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3022

_____

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | * | |
| | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Schwan's Home Service, | * | |
| | * | |
| Appellant. | * | |
| _____ | * | |
| | * | |
| Chamber of Commerce of the United | * | |
| States; Equal Employment Advisory | * | |
| Council; National Association of | * | |
| Manufacturers, | * | |
| | * | |
| Amici on behalf of | * | |
| Appellant. | * | |

_____

Submitted: March 16, 2011
Filed: July 13, 2011

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Schwan's Home Service appeals the district court's[1] order enforcing an administrative subpoena issued by the Equal Employment Opportunity Commission (EEOC) while investigating a charge of gender discrimination against Schwan's. We affirm.

I.

Schwan's, a home-delivery, frozen-food company, hired Kim Milliren in March 2007 for the position of Location General Manager (LGM) on the condition that she successfully complete the General Manager Development Program (GMDP). Milliren completed the GMDP, but Schwan's informed Milliren that she had not demonstrated the leadership skills necessary to graduate. The company offered her a customer service job, but Milliren declined.

In June 2007, Milliren filed a charge with the EEOC against her former employer, alleging that while participating in the GMDP she had suffered discrimination:

> I was harassed, demoted, and informed that I would not graduate from the [GMDP]. On or about March 27, 2007, Jeffrey Moffis, Local General Manager, addressed me as "woman" two times. On or about March 28, 2007, Mr. Moffis laughed at me when I told him that I was not comfortable with him and customer service managers joking around about the offensive material that was emailed to local general managers by George VanOverbeke, District Manager. On or about April 5, 2007, I complained to Jim Petry, facilitation, about the derogatory emails. On or about April 6, 2007, I complained to my direct supervisor, Sue B[eary], Vice President of Business Initiatives. On or about April 27, 2007, Mike Wells, Director of Training, told me that I was not demonstrating leadership skills, that I would not graduate, and that the

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

best position they could offer me upon completion of the program was that of a customer service manager. On or about May 4, 2007, I resigned. I believe that I have been discriminated against on the basis of my sex, female, and in retaliation for having complained about harassment based on sex. This is in violation of Title VII of the Civil Rights Act of 1964, as amended.

The EEOC served Schwan's with a notice of Milliren's discrimination charge. In response, Schwan's submitted a letter of position to the EEOC, which stated that Milliren's performance problems arose prior to her complaints of discrimination and that Milliren was offered the option of continuing the GMDP for three months to improve her performance or transferring to a different position in the company.

The EEOC sent a written request for information to Schwan's, to which Schwan's only partially responded. The EEOC asked Schwan's to provide a list of employees who had participated in the GMDP in 2006 and 2007, including each employee's name, gender, and date of hire. Schwan's provided the names of sixty employees who attended the GMDP in 2007, as well as the name and gender of each of the eight employees who failed to graduate from the GMDP in 2007. Schwan's failed to provide any information at all for 2006 and did not include a gender breakdown of employees who participated in the GMDP in 2006 and 2007.

After the EEOC sent the initial written request, Milliren made additional allegations of discrimination against Schwan's to an EEOC agent. Milliren stated that during her training in the GMDP, she interviewed candidates for customer service manager positions with Moffis and that Moffis rejected a female applicant because she would be leaving three children at home. In addition, Milliren alleged that Moffis displayed a calendar depicting a woman in a bikini on the wall in the interview room. Finally, Milliren alleged that she would be one of only two female LGMs out of 500 LGMs nationwide if she graduated from the GMDP. The EEOC sent a second written request to Schwan's. It sought information related to Milliren's additional allegations

and again requested a gender breakdown of employees who participated in the GMDP in 2006 and 2007. Schwan's did not respond.

In July 2008, the EEOC issued a subpoena requiring Schwan's to produce the information sought in the second request. Schwan's petitioned the EEOC to revoke or modify the subpoena. The EEOC slightly modified the subpoena, denied Schwan's petition, and ordered Schwan's to comply with the subpoena. Schwan's complied with the subpoena in part, but refused to turn over information regarding the gender makeup of the company's general managers, the selection process for the GMDP, and the gender breakdown of successful graduates of the GMDP.

Milliren filed an amended charge with the EEOC on February 4, 2009, repeating her original allegations and adding: "[I]t is also my belief that the Respondent discriminates against females, as a class, in regards to its [GMDP] in violation of Title VII of the Civil Rights Act of 1964, as amended." The EEOC served Schwan's with a notice of the amended charge, and Schwan's responded that the amendment was untimely.

The EEOC served Schwan's with a second subpoena requesting the information Schwan's refused to provide after the first subpoena. Schwan's petitioned to revoke or modify the second subpoena. The EEOC modified the subpoena slightly, denied the petition, and ordered Schwan's to comply. Schwan's refused.

The EEOC filed an application in district court for an order requiring Schwan's to appear and show cause why an order should not issue directing Schwan's to comply with the subpoena. Upon return of the order, the EEOC requested an order directing Schwan's to comply with the subpoena. After a show cause hearing, the magistrate judge ordered Schwan's to comply with the subpoena. Schwan's filed objections to the order with the district court. The district court overruled Schwan's objections,

adopted the magistrate judge's order, and ordered Schwan's to comply with the administrative subpoena. Schwan's appeals.

## II.

We review the district court's decision to enforce the EEOC's administrative subpoena for an abuse of discretion. EEOC v. Technocrest Sys., Inc., 448 F.3d 1035, 1038 (8th Cir. 2006).

When a person charges an employer with individual or systemic discrimination, the EEOC must investigate to determine whether there is reasonable cause to believe that the employer engaged in an unlawful employment practice. 42 U.S.C. § 2000e-5(b). The EEOC is permitted to issue subpoenas in connection with its investigation, 29 U.S.C. § 161, but the power is not unlimited, EEOC v. Shell Oil Co., 466 U.S. 54, 65 (1984). If the charge that the EEOC is investigating is valid and the subpoena seeks information relevant to the charge, the employer must comply with the subpoena. See id. at 65, 68-73.

To be valid, a charge of individual or systemic discrimination must meet the statutory requirements of 42 U.S.C. § 2000e-5(b). Shell Oil, 466 U.S. at 67. The statute requires only that the charge be in writing, under oath or affirmation, and contain the information dictated by the Code of Federal Regulations. See 42 U.S.C. § 2000e-5(b). The regulations require the charge to include a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). A charge is sufficient under the regulations when it identifies the parties and generally describes the action or practices the claimant challenges. Id. § 1601.12(b).

Milliren's amended charge of individual and systemic discrimination complies with the statutory and administrative requirements. See 42 U.S.C. § 2000e-5(b); 29

C.F.R. § 1601.12. The charge was made in writing and under oath. The charge pointed to specific incidents of alleged gender discrimination experienced by Milliren while in the GMDP and included the dates of those incidents. It identified women as the victims of Schwan's alleged discriminatory practices and specified the position of general manager as an occupational category from which Milliren believed Schwan's excludes women.

Schwan's contends that the portion of Milliren's charge that she added in February 2009—alleging systemic gender discrimination—is invalid because it was filed more than 300 days after Milliren resigned, but this argument is premature. As the district court concluded, the appropriate time to address the timeliness issue is if and when an actual lawsuit is filed, not during the subpoena enforcement stage. Accord EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987) (rejecting the argument of untimeliness because "[i]f every possible defense, procedural or substantive, were litigated at the subpoena enforcement stage, administrative investigations obviously would be subjected to great delay"); EEOC v. Children's Hosp. Med. Ctr., 719 F.2d 1426, 1429 (9th Cir. 1983) (en banc) (holding that a valid defense to a subsequent lawsuit does not prevent an EEOC investigation), abrogated on other grounds by Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); EEOC v. S.C. Nat'l Bank, 562 F.2d 329, 332 (4th Cir. 1977) (holding that timeliness is not a defense to an EEOC subpoena enforcement action).

Schwan's also argues that Milliren's systemic discrimination charge is invalid because it contains nothing more than Milliren's unsubstantiated "belief" that a pattern of discrimination exists. This argument fails for two reasons. First, a charge is valid regardless of the strength of its evidentiary foundation. Shell Oil, 466 U.S. at 72. In fact, "any effort by the court to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error." Id. at 72 n.26. Second, Milliren's charge of individual gender discrimination while she participated in Schwan's GMDP need not be compartmentalized from her charge of systemic

gender discrimination within Schwan's GMDP in assessing the charge's validity,[2] and Milliren's description of her own experience at Schwan's constitutes more than a mere boilerplate charge of discrimination. Accordingly, the EEOC met its burden to present a valid charge in support of the administrative subpoena.

Once the EEOC presents a valid charge, it has the authority to access "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). The relevancy requirement is "not especially constraining" and includes any evidence that "might cast light on the allegations." Shell Oil, 466 U.S. at 68-69. The subpoena cannot, however, "wander into wholly unrelated areas." EEOC v. Kronos Inc., 620 F.3d 287, 302 (3d Cir. 2010) (quoting EEOC v. Cambridge Tile Mfg. Co., 590 F.2d 205, 206 (6th Cir. 1979)) (alteration omitted). For example, the EEOC cannot use an individual charge of racial discrimination to subpoena information relevant to a systemic charge of gender discrimination. See, e.g., id. at 300-02; EEOC v. S. Farm Bureau Cas. Ins. Co., 271 F.3d 209, 211 (5th Cir. 2001).[3]

---

[2]In Shell Oil, the Court pointed out that the EEOC Commissioner has the power to promulgate regulations differentiating between charges of individual and systemic discrimination and suggested that the Commissioner exercise that power. EEOC v. Shell Oil Co., 466 U.S. 54, 67 n.19 (1984). The Court observed that the result of a single regulation applicable to both individual and systemic discrimination is "considerable awkwardness when complainants try to fit allegations of systemic discrimination into a mold designed primarily for individual claims." Id. at 68 n.19. Although the Court resolved to interpret the regulation according to its plain language, it encouraged the EEOC Commissioner to "adopt special regulations more closely tailored to the characteristics of 'pattern-or-practice' cases." Id. The EEOC has yet to heed the Court's advice. Although part 1601 of the EEOC regulations has been amended four times since Shell Oil, section 1601.12 remains unchanged.

[3]We note that in such a situation the EEOC could exercise its authority under 42 U.S.C. §§ 2000e-5(b) and 2000e-6(e) to file a commissioner's charge alleging a

Here, the gender demographic of Schwan's general managers and graduates of the GMDP and the selection process for the GMDP is relevant to the determination of whether Schwan's illegally discriminates against women through the operation of the GMDP. See Technocrest, 448 F.3d at 1040. Accordingly, the information sought in the subpoena is relevant to Milliren's charge of individual and systemic gender discrimination. See EEOC v. Associated Dry Goods, 449 U.S. 590, 604 (1981) (stating that information about an employer's general practices may certainly be relevant to individual charges of discrimination).

Moreover, even if Milliren's systemic gender discrimination charge were invalid, the information sought in the subpoena is nonetheless within the scope of the EEOC's investigative authority. During the course of the EEOC's investigation, Milliren additionally alleged that she would be one of only two female LGMs out of 500 LGMs nationwide if she had completed the GMDP and that a female applicant was rejected for a manager position because she had children. Because the EEOC's investigation into Milliren's charge of individual gender discrimination revealed potential systemic gender discrimination, the EEOC had the authority to subpoena information relevant to systemic gender discrimination even absent a valid systemic charge by Milliren. See, e.g., EEOC v. Cambridge Tile Mfg. Co., 590 F.2d 205, 206 (6th Cir. 1979) (per curiam) (holding that the EEOC has authority to investigate a "broader picture of discrimination" that appears during the investigation of an individual charge).

III.

We affirm the district court's order enforcing the administrative subpoena.

_____

different category of systemic discrimination. Accord EEOC v. Kronos, 620 F.3d 287, 301 (3d Cir. 2010); EEOC v. S. Farm Bureau Cas. Ins. Co., 271 F.3d 209, 211 (5th Cir. 2001).